WALTER JEROME GREEN, Respondent, *v.* LOUIS SELZNICK and Another, Appellants, Impleaded with SELECT PICTURES CORPORATION, Defendant.

WALTER JEROME GREEN, Respondent, *v.* LOUIS SELZNICK and Another, Appellants, Impleaded with SELECT PICTURES CORPORATION and Another, Defendants.

Fourth Department, March 9, 1927.

Depositions — action against indorsers on promissory notes given by corporation — affirmative defense was interposed that plaintiff agreed to accept notes of new corporation and discharge indorsers on old notes — court erred in vacating notice to examine plaintiff before trial — testimony sought is material and necessary, especially in view of fact that parties claim existence of two agreements, both in possession of plaintiff — Civil Practice Act, § 288, liberally applied in aid of examination — fact that defendants' witnesses may testify in support of affirmative defense, does not bar right to examination — on motion to vacate notice, court not required to determine which agreement prevails.

The court below vacated a notice of examination by the defendants to examine the plaintiff before trial in this action in which said defendants' liability is alleged to be that of indorsers on promissory notes given by a corporation. It was error for the court to vacate the notice of examination. The defendants allege in defense of the action that the plaintiff entered into an agreement whereby he agreed to accept the notes of a new corporation, which was to take over the assets of the old corporation and to discharge the indorsers on the old notes. The indorsers have the affirmative on that defense and the testimony sought on the examination is material and necessary, especially in view of the fact that the plaintiff's affidavit sets forth an agreement made subsequent to the agreement relied upon by the defendants, and differing therefrom materially, both of said agreements being in possession of the plaintiff.

Section 288 of the Civil Practice Act should receive a liberal construction in aid of examination before trial.

The fact that some of the defendants' witnesses will testify in support of the affirmative defense set up by the indorsers does not deprive them of the right to examine the plaintiff on those issues.

Upon the motion to vacate the notice, the court was not required to pass upon the question whether the alleged subsequent agreement superseded the earlier agreement alleged by the indorsers. That question goes to the merits of the defense which must be proven by the defendants.

APPEAL in each of the above-entitled actions, by the defendants, Louis Selznick and another, from an order of the Supreme Court, made at the Oneida Special Term and entered in the office of the clerk of the county of Oneida on the 3d day of November, 1924, vacating in each action a notice to take the testimony of the plaintiff before trial, and the subpœna served upon the plaintiff.

*Louis Boehm* and *Samuel Zeiger,* for the appellants.

*Willis, Brown & Guile* [*Edward M. Brown* of counsel], for the respondent.

HUBBS, P. J. This is an action brought by the payee of two notes made by the Select Pictures Corporation and indorsed by the defendants Louis Selznick and Florence A. Selznick before delivery. The complaint is in the usual form and demands judgment for $142,000 and interest. The answer of each of the appellants sets up four separate affirmative defenses.

It appears that the Select Pictures Corporation, hereinafter called the old corporation, the maker of said notes, became financially involved and an attempt was made by its stockholders, officers and creditors to devise a method by which the assets of the corporation could be taken over by a new corporation, the plan to provide that the new corporation should assume and agree to pay the debts of the old corporation. The plaintiff, one of the largest creditors of said corporation, and his attorney participated to some extent in the conferences held for the purpose of perfecting such a plan.

The four affirmative defenses pleaded in the answers set out, in different forms, the claim that the plaintiff, as a result of such negotiations, agreements and plans, agreed to release the said old corporation, maker of said notes, and the defendants Louis Selznick and Florence A. Selznick from all liability as indorsers upon said notes; that the plaintiff accepted new notes of the new corporation, known as the Selznick Distributing Corporation, in discharge of the notes upon which said defendants were indorsers; that the plaintiff, prior to the organization of the new corporation, entered into an agreement in writing with said defendants and certain creditors of the old corporation in and by which he agreed to discharge said notes and to accept in lieu thereof new notes of the new corporation to be organized; that said defendants fulfilled their part of said agreement and thereby the notes were discharged; that in pursuance of a written agreement made with the plaintiff and others said defendants transferred to the new corporation certain property as a consideration for the discharge by the plaintiff of said notes and said defendants' liability thereon.

Within three weeks after the service of said defendants' amended answers a notice to examine the plaintiff was served. The notice specified the matters upon which the defendants desired to examine the plaintiff. They were all pertinent to the establishment of said affirmative defenses. The plaintiff moved to vacate the notice upon the grounds that the notice was not served in good faith, that

the taking of such testimony is not material and necessary, and that the interests of justice will not be subserved by such examination. The motion was granted and said defendants have appealed.

It seems to us that the information sought is material and necessary to establish the affirmative defenses pleaded. It would serve no useful purpose to point out in detail the reasons why such information is material and necessary. It is significant, however, that the plaintiff's affidavit states that the written agreement to form a new corporation and to surrender and discharge the indebtedness against the old corporation was dated March 7, 1923, and a copy of it was attached to the affidavit which contains five conditions which the plaintiff claims have never been fulfilled, and that, therefore, the said defendants' liability on said notes has not been released. The defendants' affidavits state that the agreement referred to in the answer was dated February 16, 1923, and did not contain any conditions, and that it, therefore, released the said defendants from any liability on said notes. Said affidavits also state that the agreement of February 16, 1923, is in the possession and control of the plaintiff and his agent.

Under section 288 of the Civil Practice Act a party to an action is entitled to an examination of his adversary before trial upon facts which are material and necessary to establish his cause of action or affirmative defense. Since the enactment of the Civil Practice Act the courts have repeatedly held that section 288 thereof should receive a liberal construction to the end that the involved technical practice followed under section 870 of the Code of Civil Procedure may not restrict the valuable right of examination before trial. (*Marine Trust Co.* v. *Nuway Devices, Inc.,* 204 App. Div. 752; *National Fire Ins. Co.* v. *Shearman,* 209 id. 538; *Fulton* v. *National Aniline & Chemical Co.,* 214 id. 846.)

The fact that the defendants have witnesses who may give testimony upon the affirmative defenses does not deprive them of the right to examine the plaintiff upon those issues. (*Eckman* v. *Lindbeck,* 178 App. Div. 720; *Terry* v. *Ross Heater & Mfg. Co.,* 180 id. 714.)

The court, upon the motion to vacate the notice, was not required to pass upon the question of whether the agreement of March 7, 1923, superseded the agreement of February 16, 1923. That question goes to the merits of the defense and the defendants will be required to offer proof upon that question at the trial. (*Ganni* v. *Stallman,* 200 App. Div. 485.)

The defendants were entitled to an examination of the plaintiff upon the matters specified in the notice. The order vacating the

notice should be reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs.

All concur. Present — HUBBS, P. J., CLARK, SEARS, TAYLOR and SAWYER, JJ.

Order reversed, with ten dollars costs and disbursements, on the law and facts, and motion denied, with ten dollars costs.