INSURANCE COMPANY OF NORTH AMERICA, Appellant, Respondent, v. JULES E. BERNARD, Respondent, Appellant, Impleaded with ADOLPH JUDAE, Individually and as Copartners, Doing Business under the Firm Name and Style of BERNARD, JUDAE & COMPANY, Defendant.

First Department, February 3, 1928.

Discovery and inspection — action to recover premium on open policies covering all shipments made by insured — plaintiff contends all shipments were not reported and that, therefore, all premiums were not paid — plaintiff is entitled to discovery and inspection of defendants' books — error to direct reference — long account not involved.

The plaintiff is entitled to a discovery and inspection of defendants' books in this action to recover premiums on open policies of marine insurance on all goods shipped by defendants, for the action is on the theory that the defendants did not report all shipments and that, therefore, all premiums were not paid.

It was error to direct a reference on the theory of a long account, for while the proof to be made will necessitate the detailed examination of bookkeeping entries a long account as defined by the authorities is not involved.

CROSS-APPEALS by the plaintiff and by the defendant, Jules E. Bernard, from an order of the Supreme Court, entered in the office of the clerk of the county of New York on the 21st day of October, 1927, as resettled by an order entered in said clerk's office on the 16th day of November, 1927.

*Murray Levine* of counsel [*John S. Stover*, attorney], for the plaintiff.

*George Link, Jr.*, of counsel [*Clark McKercher* with him on the brief; *McKercher & Link*, attorneys], for the defendant Bernard.

McAVOY, J.   This action was brought to recover $47,000 claimed to be due for premiums on sixteen different marine insurance policies issued by plaintiff to defendants, covering loss of and damage to shipments of merchandise from various parts of Europe to the United States for and on account of different owners for whom the defendants acted as shipping agents and custom house brokers. The policies are " open " policies, that is, each of them covered all shipments to be made while the policy remained in force, and each policy required defendants to report all the shipments made by or through them covered by the policy and to declare the amounts thereof and to pay to plaintiff the premiums on all of the shipments covered by the policies of insurance, whether reported to plaintiff or not.

The sixteen causes of action are of similar tenor and the charge

is made in each that defendants failed to report a large number of shipments covered by the policy therein mentioned, and for that reason premiums on such unreported shipments at the rates fixed in each policy became due to plaintiff.

The answer of defendant Bernard is a general denial and a defense that the plaintiff requested the defendant to place the more hazardous risks with other insurance companies, and that he did endeavor to and did place some such risks with other insurance companies.

There were four demands in this motion. One was made for an examination of the defendant Bernard before trial. This was consented to, and there is no appeal from that portion of the order.

The second, a discovery and inspection of all books, records and writings of the defendants relating to plaintiff's cause of action. This application was denied and the plaintiff appeals from such denial.

The third is for a bill of particulars, to which the defendant Bernard consented, and no appeal is here from that provision of the order.

The fourth demand is: That the issues be referred to a referee to hear and determine. This was granted and the defendant appeals.

We think this is a cause in which a discovery and inspection of all the books and papers of the defendants should be ordered. It is obviously impossible for the plaintiff to prove its case without knowing just what shipments defendant made and failed to report, and upon which premiums were due.

On the argument defendant Bernard consented to a general audit and report of defendant's books of account by Price, Waterhouse & Co., expert accountants. This order should, therefore, be reversed and the motion for a general inspection and discovery granted unless the defendant stipulates to have the audit and examination of its books within ten days after service of a copy of the order to be entered hereon.

The order so far as it appoints a referee, from which defendant appeals, should be reversed, because, while the proof to be made will necessitate a considerable amount of detailed examination of bookkeeping entries, it is not a long account under the relevant rulings.

The appeal from the refusal to resettle the order will fail as unnecessary since we grant a discovery and inspection unless the defendant stipulates to allow the examination and audit by the expert accountants. It should, therefore, be dismissed, without costs.

33

On plaintiff's appeal, the order for examination, so far as it denies discovery and inspection, should be reversed and the motion therefor granted, unless defendant Bernard stipulates to permit an audit of defendants' books and records; and the appeal from the order denying motion for resettlement should be dismissed. On defendant Bernard's appeal, the order for examination, so far as it provides for a reference to hear and determine the issues on completion of the examination before trial, should be reversed and the motion for a reference denied.

DOWLING, P. J., MERRELL, FINCH and PROSKAUER, JJ., concur.

On plaintiff's appeal, order for examination, so far as it denies discovery and inspection, reversed and motion granted, unless defendant Bernard stipulates to permit an audit of defendants' books and records; and appeal from order denying motion for resettlement dismissed. On defendant Bernard's appeal, order for examination, so far as it provides for a reference, reversed and motion for reference denied.