SARAH P. HILLICK, Plaintiff, *v.* E. W. EDWARDS & SON and Others, Defendants.*

CHARLOTTE PEARL, Plaintiff, *v.* ABRAHAM & STRAUS, INC., and Others, Defendants.*

PEARL JACOBS, Plaintiff, *v.* E. W. EDWARDS & SON and Others, Defendants.*

Supreme Court, Oswego County, March 14, 1932.

* Modfd. and affd., 235 App. Div. 893.

*Mackenzie, Smith, Michell & Bruce* [*H. Duane Bruce* and *Harry H. Hartman* of counsel], for the plaintiffs Charlotte Pearl and Sarah P. Hillick.

*Hancock, Dorr, Kingsley & Shove* [*Harold M. Wisenberg* of counsel], for the plaintiff Pearl Jacobs.

*Costello, Cooney & Fearon* [*Gordon H. Mahley* of counsel], for the defendants E. W. Edwards & Son and Abraham & Straus, Inc.

*Bond, Schoeneck & King* [*Robert Dineen* of counsel], for Koremlu, Inc., and Kora M. Lublin.

LEWIS, EDMUND H., J. In each of the above-captioned actions the plaintiff alleges that she has suffered injurious consequences from the use of " Koremlu Cream," a depilatory preparation which, it is claimed, was negligently, carelessly and illegally prepared by the defendants Kora M. Lublin " and /or " Koremlu, Inc., in that it contained certain chemicals or drugs which were poisonous and dangerous to human life and health; that said Koremlu cream was misrepresented and sold by the defendant retailers E. W. Edwards & Son and Abraham & Straus, Inc., with reckless disregard of injurious consequences which might follow from its prescribed use. Each case has been put at issue by the service of answers by the several defendants.

A notice was served by the plaintiff in each action to take the testimony by deposition of the defendants Kora M. Lublin and Koremlu, Inc., who thereupon moved to vacate said notices. Upon the latter motions orders were made directing that examinations might be had of said defendants upon certain stated matters. The parties now appear before the court for the resettlement of said orders.

The practice invoked by the plaintiffs is authorized by section 288

of the Civil Practice Act, which provides in part: "Any party to an action in a court of record may cause to be taken by deposition, before trial, his own testimony or that of any other party which is material and necessary in the prosecution or defense of the action."

As an aid to determining the proper application of the statute quoted above it may be noted that "Since the enactment of the Civil Practice Act the courts have repeatedly held that section 288 thereof should receive a liberal construction to the end that the involved technical practice followed under section 870 of the Code of Civil Procedure may not restrict the valuable right of examination before trial." (*Green* v. *Selznick*, 220 App. Div. 12, 14 [4th Dept.].) The intent of the Legislature has been declared to be to remove all "procedural trammels" and to permit the examination of adverse parties within the reasonable limits that the testimony shall be material and necessary in the prosecution or defense of the action. (*Buehler* v. *Bush*, 200 App. Div. 206 [2d Dept.]; *Eagle-Picher Lead Co.* v. *Mansfield Paint Co.*, 203 id. 9 [3d Dept.]; *Sands* v. *Comerford*, 211 id. 406 [4th Dept.].)

"Law suits ought not to be regarded as contests over legal refinements, but rather as the best method of reaching a legal determination after ascertainment of all material facts." (*Samols* v. *Mayer*, 120 Misc. 516, 517.) "The parties should be seeking the truth, not playing a game." (*Marine Trust Co.* v. *Nuway Devices, Inc.*, 204 App. Div. 752, 753 [4th Dept.].)

The court's authority upon this motion is further defined by rule 124 of the Rules of Civil Practice: "* * * If the court or judge who hears the motion shall deem that the testimony sought to be taken is not material or necessary for the party who served the notice, or for any reason that the interests of justice would not be subserved by such examination, an order may be made vacating and setting aside the notice to take the testimony or limiting the scope of the examination."

As the burden of proof is upon the defendants to show lack of necessity for such examination (*Citizens Trust Company* v. *Prescott & Son, Inc., No. 1*, 221 App. Div. 420, 423 [4th Dept.]), it follows from the statute and rule quoted above that upon these applications the burden is upon the defendants Koremlu, Inc., and Kora M. Lublin to show that the testimony which the plaintiffs seek from them is not material and necessary in the prosecution of the plaintiffs' cases or that the interests of justice will not be subserved by such testimony.

Having in mind the basic statutory authority for the practice invoked, we proceed to a consideration of the testimony sought by

each plaintiff from the defendants Koremlu, Inc., and Kora M. Lublin.

1. Whether or not prior to and since (the date of purchase by the respective plaintiffs of Koremlu cream) the defendants Koremlu, Inc., and/or Kora M. Lublin manufactured Koremlu cream and sold jars of said cream to the defendants E. W. Edwards & Son or Abraham & Straus, Inc., and also how, when and how many of said jars were packed and shipped to E. W. Edwards & Son or Abraham & Straus, Inc.

It is clear that testimony of the type above indicated is both material and necessary to the prosecution of the plaintiff's cause of action in each case.

Under a concession by the defendants it appears that the depilatory cream in question at one time was manufactured by Kora M. Lublin and thereafter by the defendant Koremlu, Inc., a corporation formed for that purpose. After the formation of such corporation Kora M. Lublin ceased to manufacture the cream. From these facts it follows that the plaintiff in each case must establish the identity of the manufacturer and the seller of the particular jars of Koremlu cream of which she complains. To that end she may be called upon to prove the dates and quantities of the shipments of Koremlu cream made by defendants Koremlu, Inc., or Kora M. Lublin to the defendant retailers over a period of time prior to the dates when plaintiffs purchased them. This information, of which each plaintiff is ignorant, is within the knowledge of the defendants sought to be examined; it is material and necessary to each plaintiff's case and accordingly is a proper subject for examination before trial.

2. What directions were prescribed by the defendants, Kora M. Lublin and/or Koremlu, Inc., for the use of said cream; what labels or brands were affixed to the jars or packages containing said cream; what statements regarding the curative or therapeutic effect of said cream were borne or contained upon the jars, packages and labels thereof; and what statements and representations were made or authorized by the defendants Kora M. Lublin and/or Koremlu, Inc., with regard to the safety and harmlessness of the use of said cream.

The defendants Kora M. Lublin and Koremlu, Inc., contend that to allow their depositions to be taken upon this type of testimony would be to sanction a " fishing excursion " into the realms of their defense. From the allegations of each complaint defendants argue that each plaintiff was thoroughly conversant with the directions given to her by said defendants and that she had knowledge of the printed matter upon the labels and contained in the pamphlet

accompanying the jars of Koremlu cream. Specific allegations in the complaints are pointed out whereby each plaintiff admits she had applied the depilatory cream according to directions given. Having thus indicated that they were conversant with the directions upon the jars, the defendants contend that the plaintiffs should not be allowed to take the deposition of the defendant manufacturers as to what those directions, labels, brands or statements were which were affixed thereto. It is argued that if the plaintiff in every case read and followed the directions which were printed upon the labels or were contained in the pamphlet accompanying the jars of cream, she does not need the information sought; and if she did not read them and did not know them the defendants contend that the printed matter, whether true or false, could not have influenced the plaintiff's action, in no way brought about her injuries and consequently can have no bearing upon the issues in this case.

The defendants imply that the reason why this particular type of testimony is sought is to bolster up the plaintiffs' cases with information which did not come to the plaintiffs' attention at or prior to their use of the cream but is now desirable as proof to sustain their present alleged causes of action. The court is asked " to resolve the doubt surrounding the purpose of this information in favor of the defendants." To do so would be to disregard the rule that upon a motion of this type the burden of proof is upon the defendants to show lack of necessity for the examination before trial by an adverse party. (*Citizens Trust Company* v. *Prescott & Son, Inc., No. 1, supra.*) The court cannot decide any phase of this motion by implying to the plaintiffs a dishonest motive. The record upon the subject being as consistent with the propriety of each plaintiff's motive as otherwise, it follows that in the absence of a clear showing to the contrary the court must assume a right-minded attitude on the part of each plaintiff in regard to the facts sought.

The rule prevails that knowledge by the moving party of matters to be covered by a proposed examination before trial is not a ground for denying such examination to the adverse party. (*Green* v. *Selznick, supra* [4th Dept.]; *Wertheim* v. *Grombecker*, 229 App. Div. 16, 18 [3d Dept.]; *Peck Coal Corp.* v. *Fowler*, 230 id. 713 [2d Dept.].)

It will be both material and necessary for each plaintiff to prove that the labels or directions were attached to, and the pamphlets were packed with said jars of Koremlu cream by the defendant manufacturer. Responsibility must be definitely fixed, not left for conjecture. (*Mason* v. *New York Review Publishing Co.*, 154 App. Div. 651.) An effort to ascertain such information is not a cross-examination of defendants as to their particular defense.

It is a search for material facts solely within defendants' knowledge and accordingly is a proper subject for examination before trial.

Each plaintiff seeks damages for injuries to health alleged to have followed the use of Koremlu cream which, it is claimed, contained poisonous ingredients. As the actions are not for failure of the cream to produce certain results it is neither material nor necessary to examine defendants as to " what statements regarding the curative or therapeutic effects of said cream were borne or contained upon the jars, packages or labels thereof." With this exception the orders to issue hereunder may call for said defendants' depositions upon the subjects set forth under paragraph " 2 " of each notice of motion.

3. What chemicals, poisons, drugs and other ingredients were used in the manufacture of said cream and what quantities and percentages thereof were so used; and particularly what quantities and percentages of thallium and thallium acetate were used as ingredients in said cream.

The defendants contend that the allegations of each complaint negative the presence of any other poison in Koremlu cream except thallium and thallium acetate. It is claimed that the presence of any other ingredient in the cream has no bearing upon the case under the plaintiff's allegations and that the formula used by the defendants is immaterial.

I cannot agree with the defendants' conclusion. It will be noted that in the *Hillick* and *Pearl* cases each complaint contains the allegation " * * * The defendants * * * otherwise negligently and unlawfully prepared, manufactured, sold and directed the use of said Koremlu cream." That allegation is denied by the defendants in each instance. Under that form of pleading the plaintiffs in those cases have the right to show, if possible, the presence in Koremlu cream of poisons other than thallium or thallium acetate which are specifically mentioned in the complaints.

The burden of proof is upon the plaintiff in each instance to establish that the cream in question contained injurious ingredients, which ingredients are within the knowledge of the defendant manufacturers. While it may be argued that the plaintiff has had the cream in question analyzed and accordingly has knowledge of any poisonous content thereof, the fact of such knowledge on the part of the plaintiff is no defense to an application on the plaintiff's behalf to take the testimony of an adverse party. (*Green* v. *Selznick, supra.*)

Another phase of the matter to be considered is the possible fact that the formula for the preparation of Koremlu cream has been changed from time to time by its manufacturer. Under such

circumstances it may become a matter of important proof for each plaintiff to establish the chemical content of the particular cream which she purchased.

Upon the question whether a secret chemical process should be divulged in the course of the examination of an adverse party before trial it will be found that this situation has been presented to our courts and apparently met without unfair consequences. (*Meyer Bros., Inc.,* v. *Higgins,* 232 App. Div. 783.) Certain it would seem to be that if the formula is found upon this examination to call for the use of poisons or drugs so compounded that harm might have been reasonably anticipated to result therefrom the court will not protect its secrecy.

4. Whether or not said cream was prepared, dispensed or sold by or under the supervision of any pharmacist or druggist.

Section 1354 of the Education Law, when read in connection with other sections of article 51 of said law, prescribes strict regulations affecting any person who engages in, conducts, carries on or is employed in the dispensing, compounding or retailing of drugs, chemicals, medicines, prescriptions or poisons within this State. It is alleged by each plaintiff and may well be material to establish that the depilatory cream which is alleged to have contained poison was in fact compounded by the defendant Kora M. Lublin or Koremlu, Inc., in violation of the provisions of the Education Law to which reference is made above. To paraphrase a judicial statement (*Brown* v. *Shyne,* 242 N. Y. 176, 180): " * * * the protection which the statute was intended to provide was against risk of injury by the unskilled or careless * * *" compounder of drugs. If proof is forthcoming in support of the case of either plaintiff that the proximate cause of her injury was carelessness or lack of skill in the preparation of Koremlu cream by one of the defendant manufacturers and a causal connection is established between the violation of said statute and the injuries of which she complains then the plaintiff has at least made *prima facie* proof of negligence. (*Martin* v. *Herzog,* 228 N. Y. 164.)

In the case last cited Judge CARDOZO states (at p. 168): " * * * to omit willfully or heedlessly, the safeguards prescribed by law for the benefit of another that he may be preserved in life or limb, is to fall short of the standard of diligence to which those who live in organized society are under a duty to conform."

The desired information is material and is a proper subject for examination before trial.

In the *Hillick* and *Pearl* cases the plaintiffs ask in connection with an examination of the defendants Kora M. Lublin and Koremlu, Inc., that the order require the production upon such exam-

ination of the formulæ used in the preparation of Koremlu cream showing the ingredients and materials contained in said cream; also certain corporate records of the defendant Koremlu, Inc., relating to sales of said cream between certain dates to the defendant retailers.

Under paragraph " 3 " of the plaintiffs' notice of motion, the subject of which has been considered above, an examination is asked as to " what chemicals, poisons, drugs and other ingredients were used in the manufacture of said cream and what quantities and percentages thereof were so used."

The examination upon that subject which will be allowed as hereinbefore indicated makes unnecessary the production of the formula to show the ingredients and materials contained in Koremlu cream. The motion for the production of said formula is, therefore, denied.

The order to be entered hereunder in the *Hillick* and *Pearl* cases may direct the defendant manufacturer to produce upon the examination to be had the corporate records, books and papers relating to sales of Koremlu cream to the defendant retailers for such a period of time prior to the date of each plaintiff's last purchase thereof as will include the purchase of those jars of cream of which plaintiffs complain. Upon the production thereof the plaintiffs may make memoranda of facts noted therein which are material and necessary in the preparation for trial of plaintiffs' cases. If the purpose of the plaintiffs is to use the books, records, etc., to refresh the memory of witnesses in order to secure competent evidence in the deposition to be read upon the trial, and to make an examination thereof in order to collect data in preparation for trial, " Both purposes are proper and legitimate, and authorized under modern practice in the interest of justice; and one order may grant both remedies." (*Wertheim* v. *Grombecker*, 229 App. Div. 16, 18.) (See, also, Civ. Prac. Act, § 296; *Insurance Company of North America* v. *Bernard*, 222 App. Div. 512; *Lauffer* v. *Eastern Star Temple*, 210 id. 619, 623 [4th Dept.].)

Such inspection of the records, books and papers of the defendant manufacturers must be held under supervision of a referee at the office of the corporation to the end that its rights may not be invaded and inconvenience to its officers and employees may be reduced to a minimum.

The orders heretofore made upon the motions to vacate plaintiffs' notices to take the testimony of defendants Koremlu, Inc., and Kora M. Lublin may be resettled to contain provisions in accord with this memorandum of decision, without costs.