HENRY KLAUBER, Plaintiff, *v.* S. K. E. OPERATING CO., LTD., as Operator of R. K. O. Schine Strand Theatre, Defendant.

Supreme Court, Onondaga County, April 9, 1937.

*Albert Averbach*, for the plaintiff.

*Stone, Marvin & Hand*, for the defendant.

CROSS, J.   The action is based upon an alleged violation of article 5 of the Civil Rights Law relating to " Right of Privacy." The complaint states a cause of action, which if sustained by the proof will warrant the relief demanded.   The complaint demands judgment that defendant be restrained from the use of plaintiff's portrait for advertising purposes and further asks for money damages including exemplary damages.

Plaintiff served a notice pursuant to the provisions of section 288 of the Civil Practice Act for the examination of the defendant by taking the depositions of certain officers, agents and employees of the corporation under oath before a referee as to the following matters:

1. As to whether or not the defendant corporation caused to be constructed a certain poster advertising the motion picture " Condemned Row?"

2. As to whether or not the defendant permitted the said poster to be placed in and about the approaches to the property occupied by the said defendant, the Schine Strand Theatre in the city of Syracuse, N. Y., daily on and between the 21st day of January, 1937, to and including the 27th day of January, 1937, both dates inclusive?

3. As to what, if any, attempts were made to communicate with the plaintiff with reference to obtaining his consent for the use of his portrait and likeness in connection with the said poster?

4. The name and address of the artist who constructed the said poster, and placed thereon the words " What do they think 5 Minutes from Eternity?  " Condemned Row " taken from the book " We Who Are About To Die?"

5. Who paid for the construction of the said poster?

6. The exact size and dimensions of the said poster?

7. What employee of the defendant corporation placed the poster in front of the theatre on all of the days commencing with the 21st day of January, 1937, up to and including the 27th day of January, 1937, both dates inclusive?

8. What instructions, if any, were obtained from the defendant corporation with reference to the construction of such poster for the purpose of advertising the motion picture " Condemned Row?"

9. A statement as to the exact purposes for which the said poster was constructed and exhibited?

10. The length of time that the said poster was on exhibition in front of the said theatre on each of the aforementioned days?

11. Whether or not the aforesaid poster was incidental or necessary to the exhibition of the film " Condemned Row?"

12. Whether or not the defendant corporation had received authority from the plaintiff for the use of his likeness or portrait in the said poster?

13. Whether or not the defendant had obtained consent from the plaintiff for the use of his portrait or likeness in the said poster?

14. Whether or not the defendant corporation had attempted in any manner to contact or communicate with the plaintiff for the purpose of obtaining his authority or consent before constructing the said poster?

15. Whether or not any attempts were ever made to recall or discontinue the use of the said poster by the defendant corporation?

16. Whether or not the defendant corporation did ever attempt to account to the plaintiff for any part of the profits made by the defendant corporation as a result of the use of plaintiff's portrait or likeness?

17. The exact amount of revenue made by the Schine Strand Theatre in the city of Syracuse, N. Y., on each and every one of the days in which the poster advertising " Condemned Row " was in use in front of the approaches to the said defendant's theatre in the city of Syracuse, N. Y.?

18. The exact number of tickets sold at each of the performances by the Schine Strand Theatre in the city of Syracuse, N. Y., at which the picture " Condemned Row " was exhibited?

19. The price of each of said tickets?

20. The exact amount of revenue collected by the cashier or cashiers of the Schine Strand Theatre for the sale of tickets to the exhibition of the motion picture entitled " Condemned Row," during its engagement at the defendant's Schine Strand Theatre in the city of Syracuse, N. Y.?

21. An exact statement of the defendant's wealth and financial condition on the 27th day of January, 1937?

22. The exact arrangement with reference to the management, ownership and operation of the Schine Strand Theatre in the city of Syracuse, N. Y., with particular reference to what companies or corporations are in partnership or syndicate arrangement with reference to the said theatre?

And plaintiff caused a subpœna *duces tecum* to be served in conjunction with such notice requiring certain officers, agents and employees to appear before the referee at the time and place fixed in said notice and subpœna commanding the production of books, records and papers relating to the information sought by the notice for examination.

Defendant's motion to vacate the notice to examine it before trial is based upon the following claims:

1. That the testimony sought on such examination is not material and necessary to the plaintiff in the prosecution of the action, for the following reasons:

(a) That the plaintiff is not entitled to require the production of the books and records commanded to be produced.

(b) That plaintiff has knowledge of the information sought in the matters numbered in his notice, 1, 2, 9, 10, 11, 12 and 13.

(c) That the information sought in No. 3 is immaterial, irrelevant and unnecessary.

(d) That the information sought in No. 4 is not permissible because the defendant denies that it had the " poster " referred to in this paragraph.

(e) That the information sought in Nos. 5, 6, 7, 8, 14 and 15 are immaterial and unnecessary for proof of plaintiff's cause of action.

(f) That the information sought in Nos. 17, 18, 19, 20, 21 and 22 are irrelevant and immaterial and that an examination of defendant in connection with said last numbered matters might result in irreparable injury to defendant's business.

The defendant is a corporation operating a theatre in Syracuse alleged to be owned by another corporation. The nature of the case and the corporate character of the defendant render it difficult to secure competent evidence which will support the many essential elements of the cause of action and demand for compensatory and exemplary damages. The court cannot decide any phase of this motion by implying to the plaintiff a dishonest motive. Section 51 of the Civil Rights Law permits the award of exemplary damages upon proof which is admissible under the allegations of the complaint. Where a case is made which will authorize the award of exemplary damages, defendant's financial condition is a material consideration in fixing the amount. (1 Clark's New York Law of Damages, § 54, and cases there cited.)

The purpose of the examination provided by the procedure here invoked is to secure all the truth, necessary and material, in the prosecution of the action. Information wrung from the unwilling mouth or from documents in the possession or control of an adverse party is not ordinarily obtained without some lost motion and latitude for freedom of action in the effort. This fact of experience finds expression in the rule that the burden rests on defendant to show that the information sought is not material and necessary in the prosecution of the action or that the interests of justice

will not be subserved by such testimony. (*Hillick* v. *Edwards & Son*, 143 Misc. 277, at p. 279.)

The practice of requiring production of books and papers for the purpose of refreshing the recollection of the witness pursuant to subpoena *duces tecum* accompanying the notice to take the deposition of defendant before trial received judicial approval in *Kertz* v. *Liberty Bank of Buffalo* (226 App. Div. 715 [4th Dept. March, 1929]). There the court clarified the confusion existing upon this subject as a result of previous decisions in this and the other judicial departments. It pointed out the distinction existing where the production of documents is required for the purpose of inspection or discovery. In such case an order requiring production is requisite.

" Since the enactment of the Civil Practice Act the courts have repeatedly held that section 288 thereof should receive a liberal construction to the end that the involved technical practice followed under section 870 of the Code of Civil Procedure may not restrict the valuable right of examination before trial." (*Green* v. *Selznick*, 220 App. Div. 12, 14 [4th Dept.]; cited in *Hillick* v. *Edwards & Son*, 143 Misc. at p. 279.)

The court is unable to determine under the rules of law that control its action that the information sought is not material and necessary or that its procurement for any reason would not subserve the interests of justice. The information as to the number of tickets sold, the price of tickets, the revenue of the theatre during the specified period and the wealth of the defendant are all material and relevant either as bearing on the issue of the purpose for which the " poster " was used or upon the question of exemplary damages. The information sought in items 3, 12, 13, 14 and 16 is material as bearing on the issue of exemplary damages, even though the defendant admits it did not obtain plaintiff's written consent for the use of the " poster " containing plaintiff's picture.

The motion is granted in the following particulars as stated in the notice excepting as modified: As to items 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19 and 20.

As to item 21, to the following extent: That the statements of defendant's wealth and financial condition on the 27th day of January, 1937, will not be required, if according to the custom and practice of defendant's accounting system, its financial condition on that date cannot be readily determined, in which case its financial condition will be required as of the nearest date prior and subsequent to January 27, 1937, when defendant's books or other records will show such fact.

As to item 22, the adjourned examination under the notice must be held at such time and place as will not unduly inconvenience defendant's officers and agents and to the end that defendant's rights to conduct its business in an orderly and usual manner shall not be invaded. Ordered accordingly, with ten dollars costs to plaintiff.