**JACOBOWITZ et al. v. KREMER et al.**

District Court, S. D. New York.
March 21, 1946.

William Rosenfeld, of New York City, for plaintiffs.

Glenney, Mathews & Hampton, of New York City (William J. Hayes, of New York City, of counsel), for defendants.

CAFFEY, District Judge.

The action grows out of the explosion of a bottle of Roux Developer. This is claimed to have occurred on or about August 17, 1944. The second named plaintiff (hereinafter called the plaintiff) was holding the bottle when it exploded. The defendants have answered the complaint denying its allegations.

The plaintiff (for convenience called the plaintiff) served on the defendants a notice of examination before trial. Thereupon the defendants made the present motion. They ask for two forms of relief: (1) An order vacating the notice; or (2), in the alternative, an order directing the plaintiff to serve a notice setting forth items on which the defendants are expected to be examined.

**I.**

Rule 26 (a) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, provides that, after the answer was served and without leave, the plaintiff became entitled to examine the defendants before trial "for the purpose of discovery or for use as evidence in the action or for both purposes."

Moreover, Rule 26 (b) prescribes that "Unless otherwise ordered by the court as provided in Rule 30 (b) or (d), the deponent may be examined regarding any

matter, not privileged, which is relevant to the subject matter involved in the pending action, * * *." Manifestly what is asked for by the plaintiff is not privileged and, as I construe the rule, is relevant.

It follows that, unless there arise from Rule 30 a prohibition against the deposition being given, in taking it the plaintiff will be merely exercising an absolute right. I do not believe the defendants dispute this proposition.

## II.

The second form of relief sought is that the plaintiff set forth items on which the defendants are to be examined. As already pointed out, subdivisions (a) and (b) of Rule 26 unambiguously confer the right sought to be eliminated unless it be diminished or removed by subdivision (b) or subdivision (d) of Rule 30. So we turn to that rule.

In substance subdivision (b) of Rule 30 is this: After notice of "taking a deposition by oral examination, * * * upon notice and for good cause shown, the court" concerned "may make an order that the deposition shall not be taken, * * * or that the scope of the examination shall be limited to certain matters." In substance subdivision (d) of the same rule is this: "At any time during the taking of the deposition, on motion * * * and upon a showing that the examination is being conducted in bad faith or in such manner as unreasonably to annoy, embarrass, or oppress the deponent or party, the court * * * may order the officer conducting the examination to cease forthwith from taking the deposition, or may limit the scope and manner of the taking of the deposition as provided in subdivision (b)."

As I see the matter: (1) The record clearly establishes that no good cause nor even any cause whatever for refraining from taking or for limiting the deposition has been shown. (2) So far no reason has appeared for accusing or even suspecting the plaintiff or either plaintiff of bad faith, annoyance, embarrassment or oppression. If I be correct in my view of the evidence, therefore, no ground for terminating or limiting the evidence has been adduced.

It is not irrelevant to add that, as I believe, it would be an abuse of authority to interfere with the deposition being taken at this stage. The court is always available to hear and deal with complaints. If either side deem an item of testimony irrelevant or upon some other ground inadmissible, he can save an objection and procure it to be passed on before taking of the deposition is closed. Indeed, generally it is premature to seek rulings in advance of completing the questions.

Furthermore, when by interposing objections the rights of litigants can be fully safeguarded, as I feel, there is no occasion for asking rulings on them until the questioning of the witness has come to an end.

## III.

With a single exception I do not find the authorities cited by counsel helpful. I regard Hillick v. Edwards & Son, 143 Misc. 277, 256 N.Y.S. 313, as most nearly in point; but I think that it is distinguishable. In fact it seems to me the problem turns wholly on the Rules of Civil Procedure. The sole problem can be adequately disposed of by attentive consideration of the rules.

## IV.

Motion denied. Settle order on two days' notice.