■ HOME INSURANCE COMPANY, Appellant, v. WILLIAM TURINO CO., INC., Defendant-Respondent and Third-Party, Plaintiff. HAGEDORN & COMPANY, Third-Party, Defendant.— Order, Supreme Court, New York County, entered March 5, 1970, herein appealed from, unanimously reversed, on the law, plaintiff's motion for summary judgment and to strike the notice of taking deposition on written questions of the witness Milch granted, and an assessment of damages directed. Appellant shall recover of respondent $50 costs and disbursements of this appeal. In this action to recover premiums due under an ocean marine open policy, effective October 29, 1951, and continued thereafter to May 1, 1964, an umbrella type of coverage was provided which covered and protected the insured from all risks. The contention of defendant that the language of the policy and the numerous subsequent indorsements raise questions of fact over the intended coverage must be rejected. So too, must be respondent's argument that it had no insurable risk in goods shipped on consignment and was not obligated to notify plaintiff-appellant that such goods were to be excluded from coverage under the policy. The indorsement, dated November 2, 1951, which was attached to the policy expressly provided for coverage where defendants were interested as consignees or otherwise. In fact the so-called "Hagedorn indorse-

ment " (Hagedorn & Company being the agents of the assured) extended broad coverage and stated in clause 29, "the clauses and conditions of this form are additional to those contained in the policy to which it is attached and so far as they extend same or are inconsistent or conflict therewith are to supersede and annul those in said policy." Obviously, then, coverage was extended on goods beyond those which, under the basic policy, the assured was obligated to insure. The reserved private intention of the assured cannot serve to control over the plain language of the policy. Plaintiff has been at risk during the life of the policy on the various coverages afforded, including consignment. There has been an audit to which no serious challenge has been advanced, defendant urging instead that there are issues of fact which preclude summary judgment. That contention now being disposed of as heretofore indicated, and in light of the period of coverage involved, an assessment is directed merely to afford defendant an opportunity to challenge, if it can, and be so advised, the items in such audit. Concur — Stevens, P. J., McGivern, Nunez, Murphy and Steuer, JJ.