■ HOME INSURANCE COMPANY, Respondent, v. MILTENBERG & SAMTON, INC., et al., Appellants.— Order, Supreme Court, New York County, entered on June 23, 1972, granting summary judgment, unanimously modified, on the law, to the extent of denying plaintiff's motion for summary judgment, and otherwise affirmed; the judgment of said court entered thereon on June 30, 1972, unanimously reversed, on the law, and vacated. Defendants-appellants shall recover of plaintiff-respondent $60 costs and disbursements of this appeal. The action is for premiums on a marine insurance policy. The dispute centers about an indorsement to the policy prepared by the assured's broker and accepted by the plaintiff. The rider dealt with shipments to the assured's customers at the customer's risk on terms which did not obligate the assured to obtain insurance. Such cargoes were excluded in the body of the policy. The

wording of the indorsements includes shipments of this character "In consideration of the declaration of such shipments and the payment of premium at 50% of the policy rates". The assured maintains that this includes only such shipments as the assured notified the company that it desired to have insured, and that otherwise the provision for "declaration" is meaningless. The insurance company contends that as premiums were to be calculated at the conclusion of the policy period it was not contemplated that payment be made in advance, nor any notification given of the shipment. Thus, if the assured's interpretation is correct it would be left to the assured to decide after the voyage whether the shipment was insured. As this obviously was not intended, the company claims that the intent was to have all shipments covered. We find the clause ambiguous, and the ambiguity should be resolved on a trial. Concur — Nunez, J. P., Kupferman, Lane, Steuer and Capozzoli, JJ.