■ UNITED STATES FIRE INSURANCE COMPANY, Respondent, v COMMODORE MANUFACTURING CORP. et al., Respondents-Appellants, and CRITERION BEAD AND NOVELTY CORP., Appellant-Respondent. — Order, Supreme Court, New York County, entered June 5, 1980, which, *inter alia,* granted plaintiff's motion for summary judgment, unanimously modified, on the law, without costs or disbursements, to grant summary judgment to plaintiff on liability only and to remand for an assessment of damages, and, except, as thus modified, affirmed, and the judgment entered thereon on June 12, 1980, unanimously reversed and vacated, without costs. This is an action by an insurer to recover earned premiums due on an ocean open cargo policy issued to defendants to cover their interest in shipments of specified merchandise from various worldwide ports to the continental United States. Premiums were to be based, *inter alia,* upon the number of shipments put into transit by the insureds during the life of the policy. Plaintiff contends that in the course of an audit conducted after the policy's termination, it uncovered the existence of import shipments previously unreported or reported short. Finding that no factual issues existed warranting a trial, Special Term awarded summary judgment to plaintiff for the full amount sought. We agree that plaintiff is entitled to summary judgment on the question of liability but find unresolved factual issues as to the amount of premium due. Thus, an assessment is in order to fix damages. Defendants offered proof that some of the Asian exporters with whom they dealt provided insurance on their shipments to defendants. The policy contains an exclusion for "shipments purchased by the assured on C.I.F. terms or other

terms which include ocean marine insurance." Thus, the exclusion would be applicable to such shipments and plaintiff would not be at risk. Plaintiff, through its attorney, denies that any shipment upon which a seller provided ocean marine insurance is listed on the audit schedule upon which its premium claims are based. This denial is insufficient, especially in light of plaintiff's failure to support this contention by an affidavit from the auditor. The inclusion of any such shipment would, of course, diminish defendants' liability, and they are entitled to an assessment on this issue. Furthermore, one of the defendants, Criterion Bead and Novelty Corp., was deleted as a named insured by indorsement, effective May 10, 1977. Thus, this defendant should not be liable for premiums which accrued after May 10, 1977. From this record, however, we cannot determine the amount of premium which accrued prior to May 10, 1977, and an assessment is also required to determine this defendant's liability. Concur — Sandler, J.P., Sullivan, Ross, Markewich and Fein, JJ.