■ MATCO PRODUCTS, INC., Appellant-Respondent, v BOSTON OLD COLONY INSURANCE COMPANY et al., Respondents-Appellants, et al., Defendants. — In an action on an open marine cargo insurance policy in which, *inter alia,* plaintiff seeks a declaratory judgment that no premiums are due on the policy or, in the alternative, rescission or reformation on the insurance contract, and damages for fraudulent misrepresentation, (1) plaintiff appeals from so much of an order of the Supreme Court, Nassau County (Brucia, J.), entered September 22, 1983, as granted those branches of defendants Boston Old Colony Insurance Company and Marine Office of America Corporation's motion for summary judgment as sought dismissal of the complaint against

them and as adjudged plaintiff to be liable on their counterclaim for premiums due, and (2) defendants Boston Old Colony Insurance Company and Marine Office of America Corporation cross-appeal from so much of the same order as denied that branch of their motion as sought summary judgment on the counterclaim with respect to damages.

Order affirmed, insofar as appealed from, without costs or disbursements.

On or about May 1, 1979, plaintiff Matco Products, Inc., an importer of plumbing parts and gas cocks, obtained an open marine cargo policy of insurance issued by defendant Marine Office of America Corporation (hereinafter MOAC), as marine manager for defendant Boston Old Colony Insurance Company (hereinafter Boston Old Colony). Plaintiff obtained this policy through one Jack Travers, an insurance broker and officer of defendant Carlin Travers Company, Inc. The policy remained in effect until May 9, 1982, at which time plaintiff canceled it. In October, 1982, the defendant insurance companies conducted an audit inspection of plaintiff's books and records which revealed that plaintiff had received numerous import shipments which it had not reported and for which it had paid no premiums. MOAC billed plaintiff $39,408.94 for premiums allegedly due, which plaintiff refused to pay. Thereafter, plaintiff commenced this action on the insurance policy.

One of the issues presented on this appeal is whether, under the policy in question, plaintiff could selectively insure its imports by not reporting those shipments for which it desired no coverage or whether it was bound to pay premiums on all shipments not expressly excluded by the terms of the policy irrespective of whether it reported them or not.

The policy by its terms attaches to and covers all shipments of goods and merchandise consisting principally of plumbing supplies, made on or after May 1, 1979, either consigned to the assured or to others for the account of the assured, but excluding such shipments as are bought on costs, insurance and freight terms or other terms which include marine insurance. Paragraph 43 (a) obligates the assured to declare each shipment coming within the terms of the policy and further provides that the unintentional delay or omission in reporting shall not prejudice the insurance but that the willful failure to report shall, at the insurer's option, render the policy as to all subsequent shipments null and void. According to paragraph 43 (b) of the policy, the insurer is "entitled to premiums, at rates agreed, on all risks covered * * * whether reported or not".

This type of open marine cargo insurance, covering all shipments made during the life of the policy and basing premiums upon the number of shipments put into transit, has long been recognized (see, e.g., *United States Fire Ins. Co. v Commodore Mfg. Corp.,* 81 AD2d 562; *Insurance Co. v Bernard,* 222 App Div 512). Although the assured is required to declare shipments coming within this policy's terms, it is the fact of shipment rather than the transmission of a report prior to shipment which activates coverage and places the insurers at risk so as to give rise to a corresponding obligation upon the assured to pay premiums (see *United States Fire Ins. Co. v Commodore Mfg. Corp., supra;* cf. *Home Ins. Co. v Miltenberg & Samton,* 42 AD2d 951).

Plaintiff urges this court to construe that portion of paragraph 43 (a) which states that the insurance shall not be prejudiced by the unintentional failure to report a shipment as an exclusionary clause automatically excepting from coverage any "intentionally" unreported shipment. This interpretation, however, would permit the assured to decide after the voyage whether or not a particular shipment was insured. This obviously was not the intended result of a provision designed to protect the assured against inadvertent failures to report. We agree with Special Term that the language of paragraphs 43 (a) and (b) is clear and unambiguous. Plaintiff could not selectively insure its shipments by failing to declare some of them and, therefore, is obligated to pay premiums on all covered risks whether reported or not.

Plaintiff's remaining claims, that MOAC and Boston Old Colony acquiesced in its interpretation of the insurance policy and should be estopped from claiming premiums and/or that they misrepresented that no premiums would be charged for intentionally unreported shipments, are not supported by sufficient proof to withstand summary judgment. Plaintiff has alleged no facts from which it fairly could be inferred that MOAC or Boston Old Colony was aware of plaintiff's interpretation of the policy. The mere fact that MOAC insured plaintiff's inventory under a separate warehouse policy does not demonstrate the existence of such knowledge. Further, it is immaterial that the insurers did not conduct their audit inspection until after plaintiff terminated the policy inasmuch as the inspection was made within the 12-month period following termination provided for in the insurance contract.

Turning to the issue of misrepresentation, all of the statements upon which plaintiff allegedly relied were made by an officer of the insurance broker, defendant Carlin Travers Company, Inc., and are not attributable to nor binding upon MOAC

and Boston Old Colony. An insurance broker is ordinarily an agent of the assured (see *Clinchy v Grandview Dairy*, 283 NY 39; *Allen v German Amer. Ins. Co.*, 123 NY 6). Moreover, the open marine cargo policy provided in paragraph 45 that the assured's broker shall be deemed to be exclusively the agent of the assured in all matters relating to the insurance. Plaintiff's assertion that the broker stated he "represented" MOAC and Boston Old Colony is not enough to put the broker's authority to act on their behalf in issue. There must be evidence of some action on the insurer's part, or facts from which a general authority to represent the insurer may be inferred, in order to convert an insurance broker into an agent of the insurer (see *Allen v German Amer. Ins. Co., supra*). The record at bar is devoid of such facts.

With respect to the cross appeal, we agree with Special Term that unresolved factual issues exist as to the amount of premium due and that therefore an assessment of damages is necessary. Plaintiff maintains that no premiums are due on the bulk of those shipments which it did not report because they were made on CIF terms, which shipments are expressly excluded from coverage in paragraph 3 (b) of the policy. MOAC and Boston Old Colony deny that any shipment made on CIF terms is listed in the audit worksheets upon which their premium claims are based. This denial, however, is insufficient to warrant summary judgment in light of the fact that the audit worksheets were not signed by the preparer nor was an affidavit of the auditor submitted in support of the claims (see *United States Fire Ins. Co. v Commodore Mfg. Corp., supra*). Mollen, P. J., Weinstein, Rubin and Eiber, JJ., concur.