■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS MARTINEZ, Appellant. — Judgment, Supreme Court, New York County (Scott, J.), rendered April 21, 1982, after a jury trial held in the absence of the defendant, convicting him of criminal possession of a weapon in the third degree (Penal Law § 265.02 [4]), reversed, on the law, and the matter remanded for a new trial.

On October 6, 1980 defendant and another individual were detained by security personnel of a New York City department store on suspicion of shoplifting. A loaded weapon was found on the person of the defendant. On October 14, 1980 he was indicted for criminal possession of a weapon in the third degree.

Defendant, a recent Cuban immigrant, failed to appear for a calendar call on December 1, 1980. A bench warrant was issued but stayed upon defense counsel's representation that the wife of the defendant had informed him that defendant was too ill to attend. Defendant again failed to appear on December 3, 1980. Subsequently, defendant appeared voluntarily on December 11, 1980, explaining to the court that his absence on December 3 was caused by his lack of money for transportation. The matter was ready for trial on Friday, January 30, 1981. On that date, however, defendant did not appear until 11:30 A.M., necessitating a change of trial parts. On the afternoon of January 30, the case was assigned to Part 33. Because of the lateness of the day, the court determined to proceed with the trial on Monday, February 2. The People asked that bail be reinstated, but the court paroled defendant to the custody of his attorney. The court instructed counsel to "have him [defendant] here on Monday morning at ten o'clock." The court also admonished the defendant that, "Something will happen to your lawyer if you are not here and we will hold you." Defendant failed to appear as ordered. After an investigation established to the court's satisfaction that the defendant was not involuntarily detained elsewhere and had absented himself of his own accord, defendant was tried *in absentia* and found guilty.

Subsequent to the trial and defendant's sentencing on April 21, 1982, the Court of Appeals ruled in *People v Parker* (57 NY2d 136) that a finding that a criminal defendant has received actual notice of the date for trial and has nevertheless voluntarily

failed to appear is not sufficient, as a matter of law, to permit the trial court to proceed to try the defendant *in absentia*. "In order to effect a voluntary, knowing and intelligent waiver, the defendant must, at a minimum, be informed in some manner of the nature of the right to be present at trial and the consequences of failing to appear for trial [citations omitted]. This, of course, in turn requires that defendant simply be aware that trial will proceed even though he or she fails to appear." (*People v Parker, supra,* at p 141.) A review of the record indicates that at no time was defendant, who has a history of mental illness, made aware that his failure to appear in court on February 2, 1981 could result in a trial being held in his absence. Nor does defendant's conduct represent a clear expression of a desire not to be present at trial under any circumstances (*see generally, People v Johnson,* 37 NY2d 778).

Accordingly, defendant's conviction should be reversed and the matter remanded for a new trial. Commendably, the People concur in this result. Concur — Murphy, P. J., Sullivan and Asch, JJ.

Kupferman, J., dissents in a memorandum as follows: I disagree with the majority and would affirm. The fact that the prosecution consents to the retrial is not binding on this court. (*People v St. Claire,* 99 AD2d 982.)

*People v Parker* (57 NY2d 136), relied upon by the defense, is distinguishable. In *Parker,* the defendant told her lawyer, three days before trial, that she was seriously ill and would probably not make trial. When the defendant did not appear, the prosecution presented a witness who testified that the defendant had spoken, the month before, about leaving town. The witness also testified that she had no knowledge of the defendant's illness. Relying on this, the court proceeded to trial.

The Court of Appeals reversed and remanded the case for a new trial on the basis that the defendant had never been apprised of the consequences of not appearing for trial. The court, however, made clear that the right to be present may be waived, and it may be waived by inference. This includes "conduct engaged in by the defendant after the trial has commenced." (57 NY2d, at p 139.) The key issue, said the court, is whether the defendant "knowingly, voluntarily and intelligently relinquished his known right" (57 NY2d, at p 140). To do this, "the defendant must, at a minimum, be informed in some manner of the nature of the right to be present at trial and the consequences of failing to appear for trial" (*supra,* at p 141). All this means, according to the Court of Appeals, is that the defendant "simply be aware that the trial will proceed even though he or she fails to appear." (*Supra,* at p 141.)

The court also noted that waiver may be implied as a matter of law. The example the court gives (*supra,* at p 142) is that of the "defendant [who] absented himself voluntarily after attending the opening of his trial." (Citing *Taylor v United States,* 414 US 17, 20.) It also added (p 142) that "A similar waiver was implied from mere voluntary failure to appear for trial in the multiple defendant case of *United States v Tortora* (464 F2d 1202, cert den *sub nom. Santoro v United States,* 409 US 1063)."

In the instant case, the defendant's conduct fulfills the *Parker* requirements. Defendant, a recent immigrant, had missed several appearances in a separate case. In the case at bar, the defendant arrived several hours late for a scheduled hearing, preventing the case from being moved into a trial part. Instead, the parties, who were ready for trial, scheduled the trial for the following Monday. When the People asked for bail, the Judge placed the defendant in the custody of his attorney. He also specifically told the defendant that "something will happen to your lawyer if you are not here and we will hold you [*sic*]." Despite this, the defendant did not appear for the trial. A search was made for the defendant at prisons, booking stations, hospitals and the address in court records. The defendant was not found. The court had also been given a new address for the defendant, which was searched during his trial the next day. The defendant still did not appear. The Judge then proceeded to try the defendant *in absentia.* Over one year later, the defendant appeared for sentencing.

The petitioner claims the conviction should be overturned. He states that he could not afford the transportation to get to the courthouse, and that a reasonable search would have found him. However, the police went to both addresses given by the defendant and found no one. Defendant had a history of missing trial dates. The defendant was warned of consequences if he did not appear and his lawyer acknowledged telling him of the seriousness of the charges.

The *Parker* court quoted *Taylor* (*supra,* p 20): " 'It seems equally incredible to us, as it did to the Court of Appeals, "that a defendant who flees from a courtroom in the midst of a trial — where judge, jury, witnesses, and lawyers are present and ready to continue — would not know that as a consequence the trial could continue in his absence" ' [citation omitted]." (57 NY2d, at p 142.)

While Martinez did not attend the opening of his trial, he attended a hearing the Friday before it was to start. He was also told that his trial was set to begin. He chose to ignore this, without contacting his lawyer or the court. He has provided no

reasonable excuse and should not now be permitted to overturn the verdict that resulted.