Judgment of the Supreme Court, New York County (Amos Bowman, J.), entered on October 20, 1983, which awarded plaintiff the sum of $17,490.72, plus interest, costs and disbursements, is modified, on the law and the facts, to the extent of awarding plaintiff judgment in the amount of $37,798.57, plus interest, costs and disbursements, with costs and disbursements on the appeal.
Plaintiff-appellant issued an ocean open cargo policy of insurance to defendants-respondents. Pursuant to this policy, which was in effect from October 15,1975 to August 1,1978, premiums were to be determined by the number of shipments placed into transit, and the insured was required to advise plaintiff of all covered shipments. At the termination of coverage, plaintiff retained an auditor to inspect defendants’ books and records. An audit was thereafter performed, and it revealed that defendants had failed to report or underreported numerous shipments and that, consequently, an additional premium of $37,798.57 was due. Although defendants admitted that the sum of $17,490.72 was owing, they disputed the balance of plaintiff’s claim. It was defendants’ contention that the additional $20,307.85 was being charged for shipments received from four Asian suppliers and that these shipments were encompassed within the exclusionary clause contained in the policy of insurance. According to paragraph 4 of the policy, shipments purchased, by the insured “on C.I.F. terms or other terms which include ocean marine insurance” are not covered. In that regard, it was the testimony of Robert N. Hamlin, plaintiff’s auditor, that in order to ascertain whether a particular shipment is made on C.I.F. (cost insurance freight) or similar terms, it is necessary to examine the invoice for that shipment. Mr. Hamlin further stated that an inspection of the relevant invoices had not revealed payment for any insurance other than that covered by plaintiff’s policy since a shipper generally indicates such purchase by marking the invoice C.I.F. or including a certificate to that effect with the shipment.
Defendants, for their part, called as a witness Abraham Damast, president of defendant Commodore Manufacturing Corporation, who offered into evidence, over plaintiff’s objection, four letters drafted by the Asian suppliers which purported to confirm the insurance arrangement procured by the shipper. However, Mr. Damast did not produce copies of any insurance *622 policies maintained by the foreign suppliers, nor was there any direct testimony from representatives of these suppliers. In addition, defendants failed to provide the invoices which had been examined by Robert Hamlin. Another defense witness, Walter Mohre, senior vice-president for cargo underwriting at the American Reinsurance Group, asserted that while he did not believe that plaintiff’s policy covered the shipments at issue, any doubt would have to be resolved through a perusal of the underlying invoices.
Since defendants inexplicably neglected to provide the invoices, which were clearly within their control, an unfavorable inference was created that these documents did not bear a C.I.F. notation and were not accompanied by a certificate of insurance obtained by the four Asian suppliers. (See, Noce v Kaufman, 2 NY2d 347.) Both Mr. Hamlin and Mr. Mohre testified that any question as to whether a particular shipment was covered or excluded by plaintiff’s policy would mandate an examination of the invoices. Moreover, the insurer is entitled to premiums for all shipments upon which it was at risk. (Home Ins. Co. v Benward. & Perez, 29 AD2d 845, affg NYLG, Aug. 11, 1967, p 8, col 5 [Sup Ct, NY County, Markowitz, J.].)
Notwithstanding the exclusionary clause in the policy of insurance, the insurer herein, absent any affirmative action by defendants to notify plaintiff that they had obtained insurance from another party, was at risk for the disputed shipments, particularly where there appears to have been no documentary evidence of alternate coverage. (See, Home Ins. Co. v Turino Co., 37 AD2d 546.)
In this court’s prior decision with regard to the instant case (81 AD2d 562), we directed that summary judgment be entered in favor of plaintiff on liability only and remanded the matter for an assessment of damages. At that time, we held that that four letters from the foreign suppliers were sufficient to raise a question of fact as to coverage. There was, contrary to Trial Term’s apparent interpretation of this court’s ruling, no finding that these letters were, by themselves, sufficient to disprove coverage. In view of the evidence elicited at the assessment, plaintiff should have been awarded judgment in the amount sought. Concur — Murphy, P. J., Sandler, Carro, Fein and Milonas, JJ.