■ MARINE OFFICE OF AMERICA CORP., Respondent, v MARVAL IMPORT CORPORATION, Appellant.—Order, Supreme Court, New York County (Carol Arber, J.), entered April 25, 1990, which, *inter alia,* granted plaintiff's motion for summary judgment on the issue of liability and referred the matter to a Special Referee to hear and determine the amount of premiums due to plaintiff, unanimously affirmed, with costs. Order of the same court, entered November 2, 1990, which upon reargument, adhered to its prior decision, unanimously affirmed, with costs.

Plaintiff issued an Ocean Marine policy of insurance to defendant. After the policy was terminated, plaintiff audited

defendant's books and determined that it was entitled to over $30,000 in additional premiums since certain unreported shipments were covered by plaintiff's policy. Defendant contends that the shipments at issue were excluded from plaintiff's policy since the suppliers agreed to bear the risk of loss with regard to these shipments.

In reliance on this Court's decision in *United States Fire Ins. Co. v Commodore Mfg. Corp.* (81 AD2d 562, *after remand* 108 AD2d 621), the IAS Court granted summary judgment on the issue of liability in favor of plaintiff.

Defendant urges that *United States Fire Ins. Co. (supra)* is distinguishable, since the letters from the suppliers indicating that they would bear the risk of loss were accompanied by an affidavit of an employee of one of the suppliers. In *United States Fire Ins. Co.,* we noted that there was no direct testimony from representatives of the suppliers. *(Supra,* at 622.) We disagree. The affidavit adds little in contrast to the invoices which are part of the record. (There were no invoices for the Court to review in *United States Fire Ins. Co. v Commodore Mfg. Corp., supra.)* The invoices clearly indicated that the shipments in question were made on F.O.B. terms. In other words, the risk of loss was to be borne by the buyer. There is no indication on the invoices that any other type of marine insurance is in effect. Moreover, defendant could have notified plaintiff that the shipments at issue were excluded from the policy prior to the actual making of the shipments. However, plaintiff was first advised of the purported exclusion of these shipments after the policy expired.

Defendant also claims that the IAS Court erroneously appointed a Special Referee and thereby deprived defendant of its right to a jury trial on the essential issue in the case. However, as liability was already determined, the Referee was directed only to hear and determine the premiums due plaintiff. Accordingly, the Referee is only performing a mathematical calculation pursuant to the terms of the policy and is not depriving defendant of its right to a jury trial on an essential issue. *(See,* CPLR 4317 [b].)

We have considered all other claims and find them to be meritless. Concur—Rosenberger, J. P., Ellerin, Kupferman, Asch and Smith, JJ.