■ ORLANDO MORALES, Appellant, v COZY BROKERAGE, INC., Doing Business as NUEVO MUNDO TRAVEL, et al., Respondents. —Order, Supreme Court, New York County (Beatrice Shainswit, J.), entered on or about March 26, 1990, which granted the cross motion of defendant Allstate Insurance Company, brought pursuant to CPLR 3212, seeking summary judgment dismissing plaintiff's complaint as against it and denied, as moot, plaintiff's motion to compel discovery, unanimously reversed, on the law, the facts and in the exercise of discretion, defendant Allstate Insurance Company's cross motion denied, and plaintiff's motion to compel discovery granted, without costs.

This appeal concerns the doctrine of apparent authority, recently discussed by this court in *Federal Ins. Co. v Diamond Kamvakis & Co.* (144 AD2d 42, 44-46 [1st Dept 1989], *lv denied* 74 NY2d 604 [1989]). In this case, contrary to the determination of Supreme Court, and consistent with the tenets we previously enunciated in *Riverside Research Inst. v KMGA, Inc.* (108 AD2d 365, 370 [1st Dept 1985], *affd* 68 NY2d 689 [1986]), we hold that defendant Allstate Insurance Company (Allstate) has not, under the facts presented, demonstrated entitlement to summary judgment, since an agency may be implied from the party's words and conduct as viewed in light of the surrounding circumstances. (108 AD2d, *supra*, at 370.)

Plaintiff Orlando Morales brought a cause of action against defendant alleging that defendants Cozy Brokerage (Cozy) and Clement Renaud (Renaud), in his capacity as manager/proprietor of Cozy, had apparent authority to issue temporary car insurance and that a binder had allegedly been placed with Allstate in return for which Morales received an Allstate temporary insurance card. When, but one week later, Morales' car was stolen, Cozy and Renaud advised him that, in fact, the Allstate coverage had not been procured. Plaintiff contends that Allstate should be held liable to him, solely on the basis of the temporary card, on a theory of apparent liability.

Without addressing the ultimate merits of the case, we do hold that Allstate's arguments, both below and on appeal, are insufficient to establish a prima facie right to summary judgment dismissing the cause of action asserted against it. We note in this regard that Allstate failed to specifically allege that the papers issued did not constitute an official instru-

ment, and did not adequately address whether the document had been validly issued. In juxtaposing this with Morales' allegation that he had been required to produce a valid temporary insurance card to effectuate the purchase, we see questions of fact which Morales is entitled to have resolved. *(See, Federal Ins. Co. v Diamond Kamvakis & Co.,* 144 AD2d, *supra,* at 45; *accord, Hallock v State of New York,* 64 NY2d 224, 231 [1984]; *see also, Greene v Hellman,* 51 NY2d 197, 204 [1980].)

Morales' motion to compel discovery is no longer moot in view of our decision and is now granted. Given that Allstate did not deny critical factual allegations concerning Morales' claim of apparent authority, we agree that Allstate should disclose, *inter alia,* the nature and term of its agency relationship with Cozy and Renaud; whether Cozy or Renaud had ever been authorized to sell or issue insurance through Allstate; whether Allstate had ever provided Cozy or Renaud with any writings or objects bearing the Allstate title or logo; and the efforts made to recover such writings or objects if Allstate's relationship with Cozy or Renaud had terminated. Concur— Murphy, P. J., Sullivan, Carro, Ellerin and Smith, JJ.