■ U.S. UNDERWRITERS INSURANCE CO., Appellant, v MANHATTAN DEMOLITION CO., INC., et al., Respondents. (And a Third-Party Action.) [672 NYS2d 384] —In an action for a judgment declaring that the plaintiff has no duty to defend or indemnify the defendant Manhattan Demolition Co., Inc., in an underlying action in the Supreme Court, Queens County, entitled *Levey v Manhattan Demolition,* under Index No. 17363/90, the plaintiff appeals from so much of an order and judgment (one paper) of the Supreme Court, Queens County (Golar, J.), dated April 23, 1997, as (a) granted the motion of the defendant New York Property Insurance Underwriting Association for summary judgment dismissing the first and second causes of action of the third amended complaint and declared that the plaintiff was required to defend and indemnify the defendant Manhattan Demolition Co., Inc., in the underlying action, and (b) denied its cross motion for summary judgment on the first and second causes of action in the third amended complaint.

Ordered that the order and judgment is affirmed insofar as appealed from, with costs.

It is well established that an insurance broker is the agent of the insured and that "notice to the ordinary insurance broker is not notice to the liability carrier" (*Security Mut. Ins. Co. v Acker-Fitzsimons Corp.,* 31 NY2d 436, 442, n 3; *Incorporated Vil. Of Pleasantville v Calvert Ins. Co.,* 204 AD2d 689; *Kamyr, Inc. v St. Paul Surplus Lines Ins. Co.,* 152 AD2d 62, 65; *Matco Prods. v Boston Old Colony Ins. Co.,* 104 AD2d 793, 796). However, a broker will be held to have acted as the insurer's agent where "[t]here [is some] evidence of * * * action on the insurer's part, or facts from which a general authority to represent the insurer may be inferred" (*Matco Prods. v Boston Old Colony Ins. Co., supra,* at 796; *see also, Incorporated Vil. of Pleasantville v Calvert Ins. Co., supra,* at 689; *Kamyr, Inc. v St. Paul Surplus Lines Ins. Co., supra,* at 65; *Jet Setting Serv. Corp. v Toomey,* 91 AD2d 431; Insurance Law § 3420 [a] [3]).

The facts herein compel the conclusion that the broker L. W. Fitzgerald & Sons, Inc. (hereinafter Fitzgerald), was acting as the agent of the plaintiff insurer. As the Supreme Court found, the procedure instituted by the plaintiff for obtaining "per job" approval for an already-existing policy created a reasonable belief on the part of the insured, Manhattan Demolition Co.,

Inc. (hereinafter Manhattan Demolition), that it was not dealing with its own broker to obtain insurance but rather was dealing with an agent of the plaintiff insurer for the purpose of complying with the conditions of the policy. In addition, approximately 40 separate certificates of insurance issued to Manhattan Demolition, each of which had been reviewed and approved by the plaintiff insurer, all indicated that Fitzgerald was the "Authorized Representative" of the plaintiff insurer. Under the circumstances presented here, the broker is deemed the agent of the insurer, so that timely notice of a fire to the broker by Manhattan Demolition constituted sufficient notice to the plaintiff insurer to preclude a disclaimer (*cf., Security Mut. Ins. Co. v Acker-Fitzsimons Corp., supra,* at 442, n 3; *Jet Setting Serv. Corp. v Toomey, supra,* at 437-438).

Finally, the record amply supports the Supreme Court's conclusion that Manhattan Demolition gave Fitzgerald, the agent of the plaintiff insurer, full information regarding the nature of the demolition job at issue, such that the plaintiff insurer is not entitled to rescission of coverage based upon a claim of material misrepresentation. Thompson, J. P., Santucci, Friedmann and Florio, JJ., concur.