■ U.S. DELIVERY SYSTEMS, INC., Appellant, v NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, et al., Respondents. [696 NYS2d 502] —In an action for a judgment declaring, *inter alia,* that the defendants are required to indemnify the plaintiff with respect to an accident which occurred on October 19, 1994, the plaintiff appeals from an order of the Supreme Court, Nassau County (Winick, J.), dated April 28, 1998, which denied the plaintiff's motion for summary judgment on the complaint.

Ordered that the order is affirmed, with costs.

The Supreme Court properly determined that an issue of fact exists as to whether the defendant National Union Fire Insurance Company of Pittsburgh, PA (hereinafter National Union), was promptly notified of the incident or the lawsuit pursuant to the provisions of the policy (*see, Winstead v Uniondale Union Free School Dist.,* 201 AD2d 721; *White v City of New York,* 81 NY2d 955). In addition, an issue of fact exists as to whether National Union held out the defendant Albiez Insurance Agency as its agent. While an insurance broker is the agent of the insured and "notice to the ordinary insurance broker is not notice to the liability carrier" (*Security Mut. Ins. Co. v Acker-Fitzsimons Corp.,* 31 NY2d 436, 442, n 3; *see, Kamyr, Inc. v St. Paul Surplus Lines Ins. Co.,* 152 AD2d 62, 65), a broker will be held to have acted as the insurer's agent where " '[t]here [is some] evidence of * * * action on the insurer's part, or facts from which a general authority to represent the insurer may be inferred' " (*see, Matco Prods. v Boston Old Col-*

*ony Ins. Co.,* 104 AD2d 793, 796; *see also, Ford v Unity Hosp.,* 32 NY2d 464, 473; *Jet Setting Serv. Corp. v Toomey,* 91 AD2d 431; *D.C.G. Trucking Corp. v Zurich Ins. Co.,* 81 AD2d 990, 991; *Price v Lawrence-Van Voast, Inc.,* 58 AD2d 727).

The plaintiff's remaining contentions are without merit. S. Miller, J. P., Santucci, Sullivan and Florio, JJ., concur.