■ STEPHEN J. BENNION, Individually and as Assignee of MICHAEL B. WILSON, Respondent-Appellant, v ALLSTATE INSURANCE COMPANY, Appellant-Respondent. [727 NYS2d 222] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Plaintiff was injured when the vehicle in which he was a passenger was rear-ended by a vehicle registered to Michael B. Wilson and operated by Anthony D. Brantley. Wilson was insured by defendant, Allstate Insurance Company (Allstate), through the Rybicki Insurance Agency (Rybicki) pursuant to the New York State Assigned Risk Plan. Wilson notified Rybicki of the accident, but Rybicki erroneously mailed the forms concerning the accident to an insurance company other than Allstate. Plaintiff commenced a personal injury action against Wilson and Brantley and, after Allstate disclaimed coverage on the ground that it did not receive timely notice of the accident, obtained a default judgment in the amount of $900,415. Wilson assigned to plaintiff "any and all interest in or rights to any

and all claims or causes of action" that Wilson had against Allstate arising from the litigation in the underlying personal injury action. Plaintiff then commenced this action seeking compensatory and punitive damages.

Contrary to the contention of Allstate, Supreme Court properly denied that part of its motion seeking summary judgment dismissing the first cause of action. "[A] broker is normally the agent of the insured and notice to the ordinary insurance broker is not notice to the liability carrier" (*Security Mut. Ins. Co. v Acker-Fitzsimons Corp.*, 31 NY2d 436, 442, n 3). Notice to the broker will constitute such notice, however, if it is established that the broker was acting as the carrier's agent (*see, U.S. Delivery Sys. v National Union Fire Ins. Co.*, 265 AD2d 402, 402-403; *Serravillo v Sterling Ins. Co.*, 261 AD2d 384, 385, *lv denied* 95 NY2d 758). To establish that the broker was acting as the insurer's agent, " '[t]here must be evidence of some action on the insurer's part, or facts from which a general authority to represent the insurer may be inferred' " (*Camber, Inc. v St. Paul Surplus Lines Ins. Co.*, 152 AD2d 62, 66, quoting *Matco Prods. v Boston Old Colony Ins. Co.*, 104 AD2d 793, 796; *see, U.S. Delivery Sys. v National Union Fire Ins. Co.*, *supra*, at 402-403). Although Allstate met its initial burden of establishing its entitlement to judgment as a matter of law on the first cause of action, plaintiff submitted evidence that Allstate had informed Wilson that he should "[c]ontact [his] agent, broker, or producer of record if [he had] any questions about [his] insurance coverage," thereby raising an issue of fact whether Allstate held Rybicki out as its agent (*see, U.S. Delivery Sys. v National Union Fire Ins. Co.*, *supra*, at 402-403; *see also, Incorporated Vil. of Pleasantville v Calvert Ins. Co.*, 204 AD2d 689).

The court erred, however, in denying that part of Allstate's motion seeking to reduce the amount of damages sought in the first cause of action to the amount of the policy limit. That cause of action is based on Insurance Law § 3420 (a) (2), which provides that, if a judgment against an insured remains unsatisfied for a period exceeding 30 days, an action may be maintained against the insurer "for the amount of such judgment not exceeding the amount of the applicable limit of coverage under such policy" (*see also, Burgos v Allcity Ins. Co.*, 272 AD2d 195). Thus, the damages sought in the first cause of action may not exceed the $25,000 policy limit (*see, Atlas Feather Corp. v Pine Top Ins. Co.*, 128 AD2d 578, 579; *see also, Valentin v City of New York*, 187 AD2d 343, 345, *affd* 82 NY2d 281).

Contrary to the contention of plaintiff on his cross appeal,

the court properly granted that part of Allstate's motion seeking summary judgment dismissing the second and third causes of action. The second cause of action alleged that Allstate acted in bad faith when it disclaimed coverage. "[I]n order to establish a prima facie case of bad faith, the plaintiff must establish that the insurer's conduct constituted a 'gross disregard' of the insured's interests * * * In other words, a bad-faith plaintiff must establish that the defendant insurer engaged in a pattern of behavior evincing a conscious or knowing indifference" to the interests of the insured (*Pavia v State Farm Mut. Auto. Ins. Co.*, 82 NY2d 445, 453, *rearg denied* 83 NY2d 779; *see, Daus v Lumbermen's Mut. Cas. Co.*, 241 AD2d 665, *lv denied* 90 NY2d 812). Allstate met its initial burden by establishing that it had an arguable basis on which to disclaim coverage, and plaintiff failed to raise an issue of fact whether Allstate had the requisite gross disregard of Wilson's interests. Based on our resolution of this issue, we need not address Allstate's alternative basis for dismissal of the second cause of action.

Plaintiff's demand for punitive damages, incorrectly pleaded as the third cause of action (*see, Rocanova v Equitable Life Assur. Socy.*, 83 NY2d 603, 616-617; *Farrell v K.J.D.E. Corp.*, 244 AD2d 905), was properly dismissed. Punitive damages may not be recovered where the defendant's conduct does not "demonstrate[ ] such wanton dishonesty as to imply a criminal indifference to civil obligations" (*Walker v Sheldon*, 10 NY2d 401, 405). The evidence in this case "disclose[s] a serious triable issue interposed in good faith by the defendant insurance company. Under these circumstances, punitive damages are not recoverable as a matter of law" (*Botway v American Intl. Assur. Co.*, 151 AD2d 288, 290).

We therefore modify the order by granting that part of Allstate's motion seeking to reduce the amount of damages sought in the first cause of action to the amount of the $25,000 policy limit. (Appeals from Order of Supreme Court, Niagara County, Koshian, J.—Summary Judgment.) Present—Pine, J. P., Hayes, Hurlbutt, Scudder and Lawton, JJ.