■ In the Matter of PEERLESS INSURANCE COMPANY, Appellant, v NICOLE YOUNG, Respondent. [749 NYS2d 29] —Order, Supreme Court, Bronx County (Kenneth Thompson, Jr., J.), entered October 19, 2001, which denied petitioner's application to permanently stay arbitration, unanimously reversed, on the law, without costs, the application granted and arbitration permanently stayed.

Respondent applied for insurance with the Assigned Risk Plan on April 29, 2000 through an insurance broker, paid the broker $507 and was given a temporary insurance card which stated that coverage would become effective upon vehicle registration or at such earlier date as the Assigned Risk Plan

might designate. Respondent demanded arbitration for an alleged May 1, 2000 car accident, and this action to enjoin such arbitration ensued. The motor vehicle was not registered on the date of the accident and the assignment card from the Assigned Risk Plan designated the effective date of coverage as May 15, 2000. As respondent has conceded, under Assigned Risk Plan rules, the issuance of a temporary insurance card does not trigger coverage; coverage is only effective from the date of receipt of the request in the Plan office and then only if the vehicle has already been registered (*Allstate Ins. Co. v Liberty Mut. Ins. Co.*, 110 AD2d 736; *see Salvatore Collision & Towing v Maryland Cas. Co.*, 248 AD2d 702). Based on the temporary card and the rules which delineate the inception of coverage, respondent's demand for arbitration should have been enjoined since, as a matter of law, the accident happened prior to coverage. Respondent has nonetheless argued that oral representations made by the insurance broker bound petitioner to provide coverage from the date of application. Generally, however, the broker is the agent of the insured and thus unable to bind the insurer (*see 2540 Assoc. v Assicurazioni Generali*, 271 AD2d 282, 284). There is no evidence that petitioner did anything to hold the broker out as its agent; the insurer was unknown to respondent until after the accident. Respondent was not induced to rely on statements made by petitioner; she relied on the unwarranted representation of her own agent which provides no conceivable basis on which to hold petitioner liable (*see U.S. Delivery Sys. v National Union Fire Ins. Co. of Pittsburgh, Pa.*, 265 AD2d 402; *Bennion v Allstate Ins. Co.*, 284 AD2d 924, 925). Respondent has failed to demonstrate any exceptional circumstance and the stay should be granted. Concur—Nardelli, J.P., Buckley, Ellerin, Rubin and Friedman, JJ.