■ LIVERPOOL CLUB CORP., Respondent-Appellant, v WAUSAU INSURANCE COMPANY, Appellant-Respondent, and TIMOTHY L. JANSEN et al., Respondents-Appellants. [750 NYS2d 375] —Appeal and cross appeals from an order of Supreme Court, Onondaga County (Stone, J.), entered June 15, 2001, which, inter alia, denied the cross motion of defendant Wausau Insurance Company for, inter alia, summary judgment on its counterclaim and cross claims.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by denying the cross motions of defendants Timothy L. Jansen and Riedman Corporation and reinstating the complaint against them, denying that part of plaintiff's motion seeking partial summary judgment on liability against defendant Wausau Insurance Company, granting that part of plaintiff's motion seeking dismissal of defendant Wausau Insurance Company's affirmative defenses and counterclaim insofar as they allege that plaintiff itself committed fraud against defendant Wausau Insurance Company and dismissing those affirmative defenses and the counterclaim to that extent and by vacating the penultimate and ultimate ordering paragraphs directing separate trials and as modified the order is affirmed without costs.

Memorandum: Defendant Wausau Insurance Company (Wausau) appeals and plaintiff and defendants Timothy L. Jansen and Riedman Corporation (Riedman) cross-appeal from an order granting that part of the motion of plaintiff seeking partial summary judgment on liability against Wausau, granting the cross motions of Jansen and Riedman for summary judgment dismissing the complaint against them, denying the cross motion of Wausau for, inter alia, summary judgment on its counterclaim and cross claims, and directing separate trials on the issue of plaintiff's damages against Wausau and on defendants' cross claims.

The facts are essentially undisputed. Plaintiff's president contacted Jansen, an employee of Riedman, to obtain insurance for a fitness club it owned. The coverage sought was to

include business income insurance. Another employee of Riedman completed an application for the insurance that was then forwarded to several insurance companies but was never shown to plaintiff's president. Wausau furnished quotes for the coverage and Jansen presented Wausau's proposal for coverage to plaintiff's president on January 13, 1997. The proposal provided for $150,000 per site for business income insurance. Plaintiff wanted additional coverage and Jansen signed an insurance binder effective January 13, 1997 for coverage in the amount of $4,108,789 in addition to the $150,000 contained in Wausau's proposal. A producer's agreement between Wausau and Riedman dated January 1, 1996 provided in relevant part that Riedman would provide any binder to Wausau within five business days of its effective date; that a binder is effective for 30 days; and that Riedman's binding authority is limited to $1,000,000. Plaintiff completed the business income worksheets required to increase the coverage and returned them to Riedman on April 8, 1997. Riedman faxed those completed worksheets to Wausau on May 16, 1997. The letter that accompanied the worksheets requested that Wausau provide an "optional Business Income quote" for the additional coverage requested. No action was taken on the request for a quote and, on June 25, 1997, Riedman received plaintiff's policy providing for business income insurance in the amount of $150,000. Wausau advised Riedman on that date that the worksheets submitted by Riedman on May 16 could not be located. Riedman again faxed the worksheets to Wausau. There was no further contact between Riedman and Wausau before plaintiff's health club was destroyed by fire on August 11, 1997. On August 13, 1997, Wausau again informed Riedman that it could not locate the "paperwork." Riedman faxed Wausau the information it had faxed on two previous occasions, and Riedman also faxed a letter prepared by another employee at Jansen's direction that was backdated to June 25, 1997. According to the employee who prepared the backdated letter, the letter was intended to create the appearance that Riedman had previously requested that Wausau endorse the increased business income insurance effective May 16, 1997, when in fact no request had been made to Wausau to endorse the increased amount. Wausau issued the endorsement and paid plaintiff's initial claim, but denied plaintiff's further claim. In the course of the attempts by plaintiff to recover on its further claim, Wausau discovered the fraudulent acts of Riedman and Jansen.

Supreme Court determined that Riedman and Jansen had acted as Wausau's agents and therefore dismissed the complaint against those defendants, and the court granted

plaintiff's motion for partial summary judgment on liability against Wausau, as principal. We conclude that Jansen and Riedman failed to establish as a matter of law that they acted as Wausau's agents (*see generally Guardian Life Ins. Co. of Am. v Chemical Bank,* 94 NY2d 418, 423-424; *Standard Funding Corp. v Lewitt,* 89 NY2d 546, 551; *Bowers v Merchants Mut. Ins. Co.,* 248 AD2d 1005, 1006-1007) and thus failed to establish their entitlement to summary judgment (*see generally Zuckerman v City of New York,* 49 NY2d 557, 562). We therefore modify the order by denying the cross motions of Jansen and Riedman and reinstating the complaint against them. We further conclude that, although plaintiff established its entitlement to partial summary judgment on liability against Wausau, Wausau raised issues of fact whether Riedman and Jansen acted as agents of plaintiff; whether they engaged in a dual agency (*see Guardian Life Ins. Co. of Am.,* 94 NY2d at 424); or whether they acted solely for their own benefit (*see Adler v Helman,* 169 AD2d 925, 926). Thus, we further modify the order by denying that part of plaintiff's motion seeking partial summary judgment on liability against Wausau. We conclude, however, that the affirmative defenses and counterclaim of Wausau must be dismissed insofar as they allege that plaintiff itself committed fraud against Wausau. Thus, we further modify the order by granting that part of plaintiff's motion seeking dismissal of those affirmative defenses and the counterclaim and by dismissing those affirmative defenses and the counterclaim to that extent. Plaintiff established that it did not have knowledge of the alleged acts of fraud and Wausau failed to raise an issue of fact (*see Zuckerman,* 49 NY2d at 562). In light of our decision, we further modify the order by vacating the penultimate and ultimate ordering paragraphs directing separate trials. Present—Green, J.P., Wisner, Scudder, Burns and Gorski, JJ.