■ THOMAS RENDEIRO et al., Respondents, v STATE-WIDE INSURANCE COMPANY, Appellant, et al., Defendant. [777 NYS2d 323]—

In an action, inter alia, to recover damages for breach of an insurance contract, the defendant State-Wide Insurance Company appeals from an order of the Supreme Court, Nassau County (Martin, J.), dated June 24, 2003, which denied its motion for summary judgment dismissing the complaint insofar as asserted against it and granted the plaintiffs' cross motion for summary judgment against it on the issue of liability.

Ordered that the order is modified, on the law, by deleting the provision thereof granting the cross motion and substituting therefor a provision denying the cross motion; as so modified, the order is affirmed, without costs or disbursements.

Although an insurance broker is generally considered to be an agent of the insured, a broker will be held to have acted as the insurer's agent where there is some evidence of "action on the insurer's part, or facts from which a general authority to represent the insurer may be inferred" (*Bennion v Allstate Ins. Co.,* 284 AD2d 924, 925 [2001]; *see U.S. Delivery Sys. v National Union Fire Ins. Co. of Pittsburgh, Pa.,* 265 AD2d 402 [1999]; *U.S. Underwriters Ins. Co. v Manhattan Demolition Co.,* 250 AD2d 600 [1998]; *Incorporated Vil. of Pleasantville v Calvert Ins. Co.,* 204 AD2d 689 [1994]; *Kamyr, Inc. v St. Paul Surplus Lines Ins. Co.,* 152 AD2d 62 [1989]). Here, the defendant State-Wide Insurance Company (hereinafter State-Wide) sustained its initial burden of demonstrating its entitlement to judgment as a matter of law by submitting evidence indicating that the insurance broker was not acting as its agent when the broker increased the limits of the plaintiff's supplementary uninsured motorist coverage in the insurance binder. However, the evidentiary proof that the plaintiff submitted in opposition to the motion, and in support of his cross motion for summary judgment, raised an issue of fact as to whether the broker had apparent general authority to represent State-Wide when it issued the binder (*see Bennion v Allstate Ins. Co., supra; U.S. Delivery Sys.*

*v National Union Fire Ins. Co. of Pittsburgh, Pa., supra;
Incorporated Vil. of Pleasantville v Calvert Ins. Co., supra;
Morales v Cozy Brokerage,* 170 AD2d 201 [1991]; *Price v
Lawrence-Van Voast, Inc.,* 58 AD2d 727 [1977]). Since there was
a disputed issue of fact as to whether the broker was State-
Wide's apparent agent, neither party is entitled to summary
judgment at this juncture. Santucci, J.P., Krausman, Schmidt
and Rivera, JJ., concur.