MTO ASSOCIATES, LIMITED PARTNERSHIP, Respondent, v REPUBLIC-FRANKLIN INSURANCE COMPANY, Also Known as REPUBLIC FRANKLIN INSURANCE COMPANY, Appellant. [801 NYS2d 412]—

In an action for a declaration that the defendant is obligated to defend and indemnify the plaintiff in an underlying action entitled *Grosso v MTO Assoc., Ltd. Partnership*, pending in the Supreme Court, Orange County, under index No. 888/01, the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Woodard, J.), dated September 22, 2004, as denied its cross motion for summary judgment

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff insured commenced this action seeking a declaration that the defendant insurance company was obligated to defend and indemnify it in an underlying personal injury action. The defendant disclaimed coverage based on lack of timely notice of the claim. The plaintiff argued that timely notice of the claim was provided to the defendant by timely notice to a nonparty insurance broker, Bradley & Parker, Inc. The defendant appeals the denial of its cross motion for summary judgment. We affirm.

In general, an insurance broker is considered the agent of the insured, not the insurance company, and notice to the broker is not deemed notice to the insurance company (*see Security Mut. Ins. Co. of N.Y. v Acker-Fitzsimons Corp.*, 31 NY2d 436, 442 n 3 [1972]). However, "a broker will be held to have acted as the insurer's agent where there is some evidence of 'action on the insurer's part, or facts from which a general authority to represent the insurer may be inferred' " (*Rendeiro v State-Wide Ins. Co.*, 8 AD3d 253 [2004], quoting *Bennion v Allstate Ins. Co.*, 284

AD2d 924 [2001]; *see U.S. Delivery Sys., Inc. v National Union Fire Ins. Co. of Pittsburgh, Pa.*, 265 AD2d 402 [1999]). Here, there are questions of fact whether there was a relevant agency relationship between the defendant and Bradley & Parker, Inc. Thus, the defendant's cross motion for summary judgment was properly denied. H. Miller, J.P., Ritter, Goldstein and Skelos, JJ., concur.