■ WARNOCK CAPITAL CORP., Respondent, v HERMITAGE INSURANCE COMPANY, Appellant, et al., Defendants. [803 NYS2d 606]—

In an action, inter alia, for a judgment declaring that the defendant Hermitage Insurance Company is obligated to defend and indemnify the plaintiff in an underlying action entitled *O'Brien v Kanaris*, pending in the Supreme Court, Kings County, under index No. 42830/02, and to provide first-party coverage to the plaintiff for property damage, the defendant Hermitage Insurance Company appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Jackson, J.), dated March 11, 2004, as granted those branches of the plaintiff's cross motion which were for summary judgment declaring that it is obligated to defend and indemnify the plaintiff in the underlying action in an amount up to $1,000,000 and to provide first-party coverage to the plaintiff for property damage in an amount up to $250,000 and, in effect, denied its cross motion for summary judgment.

Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the plaintiff's cross motion which was for summary judgment declaring that the appellant is obligated to provide first-party coverage to the plaintiff for property damage in an amount up to $250,000, and substituting therefor a provision granting that branch of the plaintiff's cross motion which was for summary judgment declaring that the appellant is obligated to provide first-party coverage to the plaintiff for property damage in an amount up to $200,000; as so modified, the order is affirmed insofar as appealed from, with costs to the plaintiff, and the matter is remitted to the Supreme Court, Kings County, for the entry of a judgment declaring that the defendant Hermitage Insurance Company is obligated to defend and indemnify the plaintiff in the underlying action entitled *O'Brien v Kanaris*, pending in the Supreme Court, Kings County, under index No. 42830/02, in an amount up to $1,000,000 and to provide first-party coverage to the plaintiff for property damage in an amount up to $200,000.

The plaintiff, Warnock Capital Corp. (hereinafter Warnock), purchases and rehabilitates parcels of improved realty for resale. The defendant Hermitage Insurance Company (hereinafter Hermitage) issued a commercial general liability policy, procured by the defendant Demonaco Agency, Inc. (hereinafter Demonaco), an insurance broker, which insured Warnock for personal injury claims in an amount up to $1,000,000 per occurrence for the period between April 13, 2001, and April 13, 2002. Demonaco placed the policy through the defendant Jersey Link, Inc. (here-

inafter Jersey Link), a wholesale broker which produced business for Hermitage in accordance with a March 20, 1998, agreement. Pursuant to the "coverage extensions" provision of the commercial property coverage portion of the policy, coverage up to $250,000 was conditionally extended to the plaintiff's newly acquired property until either (1) 30 days after its acquisition, (2) Warnock reported the property's value to Hermitage, or (3) the policy expired. If Hermitage subsequently agreed to insure the parcel, a policy change endorsement would be issued and Warnock would be charged an additional premium.

On March 28, 2002, Warnock purchased premises located at 228 Beach 87th Street in Rockaway and Demonaco issued a binder temporarily extending coverage under the policy to the new property. It also submitted an application to Jersey Link for an endorsement to add the property to the policy. Jersey Link relayed the request to Hermitage, which notified Jersey Link on April 5, 2002, that Warnock's application was rejected.

Two days later, on April 7, 2002, the premises was severely damaged by fire, several occupants were injured, and an infant was killed. Warnock demanded coverage from Hermitage, which disclaimed on April 12, 2002. An action to recover damages for negligence and wrongful death, entitled *O'Brien v Kanaris,* was thereafter commenced against Warnock and others in Supreme Court, Kings County.

Warnock subsequently commenced this action seeking, inter alia, a declaration that Hermitage is obligated to defend and indemnify it in the underlying action and to provide first-party coverage to it for the amount of $250,000 in property damage. Demonaco moved and Jersey Link cross-moved pursuant to CPLR 3211 (a) (1) and (7) to dismiss the complaint insofar as asserted against them. Additionally, Hermitage moved and Warnock cross-moved for summary judgment. The Supreme Court, inter alia, granted those branches of Warnock's cross motion which were for summary judgment declaring that Hermitage is obligated to indemnify it in the underlying action in an amount up to $1,000,000 and to provide coverage for first-party property damage in an amount up to $250,000. Hermitage contends, inter alia, that it is not bound by the coverage extensions provision because it rejected Warnock's application two days prior to the fire and that neither Demonaco nor Jersey Link had actual or apparent authority to issue a binder on its behalf.

Contrary to Hermitage's contention, the Supreme Court correctly concluded, inter alia, that the plain and unambiguous language of the agreement extended the commercial property

coverage portion of the policy to Warnock's newly acquired property. "[A]n unambiguous policy provision must be accorded its plain and ordinary meaning" (*Bassuk Bros. v Utica First Ins. Co.*, 1 AD3d 470, 471 [2003]) and a court "may not disregard clear provisions which the insurers inserted in the policies and · the insured accepted" (*Baughman v Merchants Mut. Ins. Co.*, 87 NY2d 589, 592 [1996], quoting *Caporino v Travelers Ins. Co.*, 62 NY2d 234, 239 [1984]). The coverage extensions provision was effectuated because one of its conditions applied and none of the three explicit termination events (i.e., the passing of 30 days from the property's acquisition, Warnock's reporting of its value to Hermitage, or expiration of the policy) had occurred.

In addition, "[a]lthough an insurance broker is generally considered to be an agent of the insured, a broker will be held to have acted as the insurer's agent where there is some evidence of 'action on the insurer's part, or facts from which a general authority to represent the insurer may be inferred' " (*Rendeiro v State-Wide Ins. Co.*, 8 AD3d 253 [2004], quoting *Bennion v Allstate Ins. Co.*, 284 AD2d 924, 925 [2001]; *see U.S. Underwriters Ins. Co. v Manhattan Demolition Co.*, 250 AD2d 600 [1998]). Here, the plaintiff established its entitlement to summary judgment as a matter of law by submitting evidence indicating that Hermitage and Demonaco's course of conduct demonstrated that Demonaco maintained apparent authority to issue a binder on behalf of Hermitage (*id.* at 600-601; *Kamyr, Inc. v St. Paul Surplus Lines Ins. Co.*, 152 AD2d 62 [1989]). The evidentiary proof Hermitage provided in opposition to Warnock's cross motion and in support of its motion was insufficient to raise a triable issue of fact (*cf. Rendeiro, supra* at 253; *Bennion, supra* at 926). Hermitage's April 5, 2002, rejection was, moreover, merely conveyed to Jersey Link. Warnock was not notified of the disclaimer until April 12, 2002, five days after the fire.

However, the binder dated March 28, 2002, only provided for $200,000 in property damage coverage. The Supreme Court therefore erred in holding that Hermitage is obligated to indemnify Warnock for first-party property damage up to $250,000.

Since this is a declaratory judgment action, the matter must be remitted to the Supreme Court, Kings County, for the entry of a judgment declaring that Hermitage is obligated to defend and indemnify Warnock in the underlying action in an amount up to $1,000,000 and to provide first-party coverage to it for property damage in an amount up to $200,000 (*see Lanza v Wagner*, 11 NY2d 317, 334 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]).

Hermitage's remaining contentions are without merit. Florio, J.P., Schmidt, Adams and Mastro, JJ., concur.