■ THE TRAVELERS INSURANCE COMPANY et al., Respondents-Appellants, v RAULLI & SONS, INC., Appellant-Respondent, and HAYLOR, FREYER & COON, INC., Respondent. RAULLI & SONS, INC., Third-Party Plaintiff, v HAYLOR, FREYER & COON, INC., et al., Third-Party Defendants-Respondents. [802 NYS2d 823]—

Appeal and cross appeal from an order of the Supreme Court, Onondaga County (Anthony J. Paris, J.), entered June 2, 2004. The order granted in part and denied in part plaintiffs' renewed motion for summary judgment.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by denying the renewed motion in its entirety and as modified the order is affirmed with costs to defendant Raulli & Sons, Inc.

Memorandum: Plaintiffs commenced this action initially against only Raulli & Sons, Inc. (Raulli), an insured under a series of workers' compensation policies issued by plaintiffs between 1991 and 1994. Plaintiffs seek $523,565 in premiums allegedly remaining due on the policies, which provide for calculation and payment of premiums on a retroactive basis. In its answer, Raulli denied that it ever agreed to a retroactive increase in premiums. Raulli commenced a third-party action against Haylor, Freyer & Coon, Inc. (Haylor) and Haylor's former employee, Robert Rayo. Raulli alleged therein that, when it obtained the policies in question from Haylor and Rayo, they failed to inform Raulli that the premiums might be increased retroactively. Subsequently, plaintiffs named Haylor as a defendant in their action, seeking damages for breach of an express agency agreement between plaintiffs and Haylor and for negligent performance of Haylor's duties as plaintiffs' agent.

Raulli appeals from an order insofar as it granted plaintiffs' renewed motion for summary judgment in part, determining that Haylor "was the agent of defendant Raulli for purposes of the procurement of the insurance policies in question" and that plaintiffs are "entitled to partial summary judgment on the issue of liability." Plaintiffs cross-appeal from the order insofar as it denied their renewed motion for summary judgment in part, determining that "[q]uestions of fact remain as to the total amount due to [plaintiffs, and as to which entity, as between Raulli and Haylor, is] the ultimate payor or payors."

We agree with Raulli that Supreme Court should have denied plaintiffs' renewed motion in its entirety, and we therefore modify the order accordingly. The court erred in determining as a matter of law that Haylor acted as the agent of Raulli for purposes of the procurement of the insurance policies in question and thus erred in granting plaintiffs' renewed motion insofar as it sought partial summary judgment on liability against Raulli on that ground. The legal issue in this case is whether Haylor acted as an "independent insurance agent," defined in terms of its "representation of [various] insurers or groups of insurers" (Insurance Law § 2101 [b]), or as an "insurance broker," defined in terms of its "soliciting, negotiating or selling[ ] any insurance . . . contract . . . on behalf of an insured" (§ 2101 [c]). As a general rule, an insurance broker acts as an agent of the insured (*see id.*; *Bohlinger v Zanger*, 306 NY 228, 231-232 [1954], *rearg denied* 306 NY 851 [1954]; *Rendeiro v State-Wide Ins. Co.*, 8 AD3d 253 [2004]; *Ribacoff v Chubb Group of Ins. Cos.*, 2 AD3d 153, 154 [2003]; *Crimi v National Life Ins. Co.*, 1 AD3d 309, 310 [2003]; *Matter of Peerless Ins. Co. v Young*, 298 AD2d 326, 327 [2002]; *Bennion v Allstate Ins. Co.*, 284 AD2d 924, 925 [2001]). However, a "broker will be held to have acted as the insurer's agent where there is some evidence of action on the insurer's part or facts from which a general authority to represent the insurer may be inferred" (*Indian Country v Pennsylvania Lumbermens Mut. Ins. Co.*, 284 AD2d 712, 714-715 [2001]; *see Rendeiro*, 8 AD3d at 253; *Bennion*, 284 AD2d at 925; *U.S. Delivery Sys. v National Union Fire Ins. Co. of Pittsburgh, Pa*, 265 AD2d 402 [1999]). Here, given the existence of an express agency agreement between plaintiffs and Haylor and the evidence of action on plaintiffs' part in supplying data to Haylor to enable it to solicit Raulli's insurance business on behalf of plaintiffs, we conclude that there is a triable issue of fact concerning whether Haylor acted as plaintiffs' agent, i.e., as an independent insurance agent, or as Raulli's agent, i.e., as an insurance broker (*see Rendeiro*, 8 AD3d at 253-254; *Liverpool Club Corp. v Wausau Ins. Co.*, 299 AD2d 807,

808-809 [2002]; *Bennion*, 284 AD2d at 925; *U.S. Delivery Sys.*, 265 AD2d 402 [1999]).

We have considered the contentions raised by plaintiffs on their cross appeal and conclude that they are without merit. Present—Green, J.P., Scudder, Kehoe, Smith and Lawton, JJ.