■ CONTINENTAL CASUALTY Co. et al., Appellants, v AON RISK SERVICES COMPANIES, INC., et al., Respondents. [854 NYS2d 712]—

Judgment, Supreme Court, New York County (Charles E. Ramos, J.), entered March 13, 2007, dismissing the complaint and bringing up for review an order, same court and Justice, entered January 24, 2007, which granted defendants' motion

for summary judgment and denied plaintiffs' motion for summary judgment on their indemnification claim, unanimously affirmed, with costs.

Plaintiffs' claims against insurance broker defendant AON Risk Services, Inc. of New York (AON NY) for failing to deliver to their nonparty insured the terms and conditions of its insurance policy were properly dismissed for failure to state a cause of action. While an insurance broker sometimes acts as agent for the insurer so that its acts are treated as the acts of the insurer (*Guardian Life Ins. Co. of Am. v Chemical Bank*, 94 NY2d 418, 423 [2000]), there is no evidence of action on plaintiffs' part from which it can be inferred that they entrusted AON NY with delivering the policy documents or authorized it to represent them for any other purpose (*see Travelers Ins. Co. v Raulli & Sons, Inc.*, 21 AD3d 1299, 1300 [2005]; *Indian Country v Pennsylvania Lumbermens Mut. Ins. Co.*, 284 AD2d 712, 714-715 [2001]). Plaintiffs' claim for common-law indemnification fails for the same reason. Nor is there any evidence that AON NY exercised discretionary functions on plaintiffs' behalf or possessed superior expertise on which plaintiffs relied so as to give rise to a fiduciary duty (*see Philan Ins. v Hall & Co.*, 215 AD2d 112, 112-113 [1995]). Plaintiffs' claim for professional malpractice is also time-barred (*see Mauro v Niemann Agency*, 303 AD2d 468, 469 [2003]). Concur—Saxe, J.P., Sweeny, McGuire and Acosta, JJ.