SUMMARY ORDER

Federal Insurance Company (“Federal”) appeals from a judgment of the United States District Court for the Southern District of New York (Rakoff, J.) dismissing Federal’s claim seeking a declaratory judgment that Federal was not obligated to satisfy an insurance contract for a me-gayacht owned by PGG Realty, L.L.C. (“PGG”) that sank off of the Bahamas. PGG and its sole shareholder, Ben Ash-kenazy, cross-appeal from the district court’s entry of summary judgment in favor of cross-claimant Keybank National Association (“Keybank”), which lent PGG the money to buy the yacht. PGG and Ashkenazy also cross-appeal the district court’s dismissal of them counter-claims. We assume the parties’ familiarity with the underlying facts, the procedural history, and the issues on appeal.
“On appeal from a bench trial, the district coui't’s findings of fact are reviewed for clear error and its conclusions of law are reviewed de novo.” Mobil Shipping and Transp. Co. v. Wonsild Liquid Carriers Ltd., 190 F.3d 64, 67 (2d Cir.1999). ‘We review a district court’s grant of summary judgment de novo.” Havey v. *7 Homebound Mortgage, Inc., 547 F.3d 158, 163 (2d Cir.2008).

Federal’s Appeal

Federal argues that the district court erred in determining, on summary judgment, that the insurance broker who arranged the insurance contract at issue was Federal’s agent rather than the agent of PGG. It is a long-standing principle of New York law that an insurance broker is ordinarily the agent of the insured, not the insurer. Bohlinger v. Zanger, 306 N.Y. 228, 117 N.E.2d 338, 339 (1954). As a result, “notice to the ordinary insurance broker is not notice to the liability carrier.” Bennion v. Allstate Ins. Co., 284 A.D.2d 924, 727 N.Y.S.2d 222, 224 (N.Y.App.Div. 2001) (internal citations and quotation marks omitted). “Notice to the broker will constitute such notice, however, if it is established that the broker was acting as the carrier’s agent.” Id. “To establish that the broker was acting as the insurer’s agent, there must be evidence of some action on the insurer’s part, or facts from which a general authority to represent the insurer may be inferred.” Id. (internal citation and quotation marks omitted).
The evidence relied on here by the district court is the contract between Federal and the broker, which created a principal-agent relationship. The district court was entitled to make this determination, see Nationwide Life Ins. Co. v. Bankers Leasing Ass’n, Inc., 182 F.3d 157, 161 (2d Cir.1999), and we find no error in the district court’s conclusion that the broker was Federal’s agent.
Federal next argues that the district court erred in ruling, after trial, that PGG had exercised utmost good faith in disclosing information about the insured vessel. The doctrine of utmost good faith, or ubenimae fidei, requires an insured to disclose all facts that “would have controlled the underwriter’s decision.” Btesh v. Royal Ins. Co., 49 F.2d 720, 721 (2d Cir.1931). “The principle of ubenimae fi-dei does not require the voiding of the contract unless the undisclosed facts were material and relied upon.” Puritan Ins. Co. v. Eagle S.S. Co. S.A., 779 F.2d 866, 871 (2d Cir.1985). The district court found that if PGG had disclosed the information that (according to Federal) was wrongfully withheld, the disclosures would have had no impact on Federal’s decision to issue the insurance policy. This finding is based on prolonged and extensive trial testimony, and is not clearly erroneous. Accordingly, the district court did not err in concluding that PGG did not violate its duty of utmost good faith.
Finally, Federal argues that the district court erred in ruling, on summary judgment, that Keybank had no independent duty of utmost good faith that required disclosure of certain information. We need not determine whether Keybank in fact had such a duty because all of the information Keybank allegedly failed to disclose was in fact disclosed to Federal via its agent, the insurance broker.

PGG’s Cross-Appeal

The district court dismissed PGG and Ashkenazy’s counter-claim against Federal on the ground that New York law does not recognize such a claim of bad faith against an insurer. On cross-appeal, PGG argues that Florida law, rather than New York law, should apply. “Absent a specific federal rule, federal courts look to state law for principles governing maritime insurance policies, and apply federal maritime choice of law rules to determine which state’s law to apply.” Commercial Union Ins. Co. v. Flagship Marine Servs., Inc., 190 F.3d 26, 30 (2d Cir.1999) (internal citations omitted). Under those choice-of-law rules, “we determine which state law to use by ascertaining and valuing points *8 of contact between the transaction giving rise to the cause of action and the states or governments whose competing laws are involved.” Advani Enters., Inc. v. Underwriters at Lloyds, 140 F.3d 157, 162 (2d Cir.1998) (quotations and alterations omitted). The transaction giving rise to the cause of action here was the contractual relationship between Federal, PGG, and Keybank. The district court found that the insurance contract was negotiated, issued, and signed in New York; that the contract was performed — that is, the premiums were billed and a claim on the policy was made — in New York; that the subject matter of the contract (that is, the yacht) was typically, although not exclusively, located in Florida; and that the parties were domiciled either in New York or in states other than Florida. In light of these facts, New York law clearly governs; and because the bad-faith counter-claim is not cognizable in New York, the district court properly dismissed it.
PGG next argues that the district court erred when it failed to enter immediate judgment in favor of Keybank after ruling that Keybank was entitled to summary judgment on its counter-claim against Federal seeking payment under the Warranty Endorsement. “[I]n light of the established federal policy against piecemeal appeals,” a district court’s “power to enter a final judgment before the entire case is concluded [should] be exercised sparingly and only when the interests of justice require that such a judgment not be delayed.” Great Am. Audio Corp. v. Metacom, Inc., 938 F.2d 16, 18 (2d Cir.1991) (per curiam). PGG forfeited this issue by not seeking entry of partial summary judgment below. In any event, the district court did not abuse its discretion by entering a single judgment.
PGG further argues that the district court erred when it held, on summary judgment, that under the terms of the Maritime Note PGG owed Keybank attorney’s fees and collection costs incurred by Keybank in its pursuit of payment from Federal. We find no error in the district court’s conclusion that the Note unambiguously provides Keybank with these remedies.
Finally, PGG and Ashkenazy challenge the district court’s refusal to award them consequential damages, either outright or in the form of a higher rate of pre-judgment interest. “The rate of prejudgment interest is within the broad discretion of the district court.” New York Marine & Gen. Ins. Co. v. Tradeline (L.L.C.), 266 F.3d 112, 131 (2d Cir.2001) (internal quotation marks and alterations omitted). The district court’s award of interest at the prevailing average six-month Treasury Bill rate was not an abuse of discretion. And because PGG first sought to amend its pleadings to add a claim for consequential damages only after trial and shortly before entry of final judgment, the district court did not abuse its discretion in denying the motion. See Gussack Realty Co. v. Xerox Corp., 224 F.3d 85, 94 (2d Cir.2000) (per curiam) (‘We review the district court’s decision [denying a motion to amend pleadings] only for abuse of discretion.... Such a motion should be granted ... only if the party against whom the amendment is offered will not be prejudiced by the amendment. Generally, introducing new claims for liability on the last day of trial will prejudice the [adverse party].” (internal citations and quotation marks omitted)).
Accordingly, we hereby AFFIRM the judgment of the District Court.