# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**311**
**CA 12-01354**
PRESENT: CENTRA, J.P., FAHEY, CARNI, SCONIERS, AND MARTOCHE, JJ.

---

TRAHWEN, LLC, PLAINTIFF-RESPONDENT,

V                                    MEMORANDUM AND ORDER

MING 99 CENT CITY #7, INC., DOING BUSINESS
AS 99 CENT CITY, DONGXIA JIANG, LIZHONG LIU,
SI MING HUANG AND SUI ZHEN NI,
DEFENDANTS-APPELLANTS.

---

VAUGHN D. LANG, SYRACUSE, D.J. & J.A. CIRANDO, ESQS. (JOHN A. CIRANDO OF COUNSEL), FOR DEFENDANTS-APPELLANTS.

KENNEY SHELTON LIPTAK NOWAK LLP, BUFFALO (ALAN J. DEPETERS OF COUNSEL), FOR PLAINTIFF-RESPONDENT.

---

Appeal from an order of the Supreme Court, Erie County (Diane Y. Devlin, J.), entered January 3, 2012. The order, among other things, adjudged that defendants are liable to plaintiff for breach of lease.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff, the owner of a retail shopping center, commenced this action seeking damages arising from the alleged breach of a commercial lease agreement for rental space within the shopping center. The lease was personally guaranteed by the individual defendants. In their answer, defendants alleged that they were fraudulently induced to enter into the lease by plaintiff's predecessor in interest, BG New Hartford, LLC (BG), and they sought damages "suffered as a result of the fraudulent inducement to enter into the lease." Supreme Court granted in part plaintiff's motion for summary judgment by granting plaintiff partial summary judgment on liability and dismissing "any and all affirmative defenses and counterclaims" of defendants. We affirm.

Plaintiff established its entitlement to judgment as a matter of law based on defendants' breach of the lease, and defendants failed to raise an issue of fact with respect to plaintiff's alleged fraudulent inducement, which appears to be asserted both as an affirmative defense and as a counterclaim (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562). In order to establish plaintiff's alleged fraudulent inducement, defendants were required to establish the existence of "a material representation, known to be false, made with the intention of inducing reliance, upon which the victim actually

relies, consequently sustaining a detriment" (*Merrill Lynch, Pierce, Fenner & Smith, Inc. v Wise Metals Group, LLC*, 19 AD3d 273, 275; *see Wright v Selle*, 27 AD3d 1065, 1067).

Here, defendants' allegations of fraudulent inducement are based upon the alleged representation of BG that the retail space adjacent to the location rented by defendant Ming 99 Cent City #7, Inc., doing business as 99 Cent City (99 Cent City), within the New Hartford Consumer Square Shopping Center had been "leased to others" when, in fact, the adjacent space was vacant.  Defendants further alleged that, if the adjacent space had been occupied, there would have been increased pedestrian and vehicular traffic in that section of the shopping center, which would have resulted in "an acceptable economic environment" for 99 Cent City.  The record, however, is devoid of evidence that a tenant occupying adjacent space would have produced an increase in customers or sales at 99 Cent City.  Defendants' verified answer, their verified bill of particulars, and the affidavit of defendant Dongxia Jiang, the only documents relied upon by defendants in opposition to plaintiff's motion, contain nothing more than speculation and conclusory assertions that BG's representation, even if untrue, resulted in a detriment to defendants.  Such conclusory and speculative assertions are insufficient to defeat a motion for summary judgment (*see Elmer v Kratzer*, 249 AD2d 899, 901, *appeal dismissed* 92 NY2d 921; *see also Dolansky v Frisillo*, 92 AD3d 1286, 1288).