# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1152**
**CA 14-00495**
PRESENT: CENTRA, J.P., FAHEY, SCONIERS, WHALEN, AND DEJOSEPH, JJ.

---

TRAVELERS CASUALTY & SURETY COMPANY OF
AMERICA, PLAINTIFF-RESPONDENT,

V                                                      MEMORANDUM AND ORDER

NICHOLAS COSTANZA, DEFENDANT-APPELLANT.
-------------------------------------------
NICHOLAS COSTANZA, THIRD-PARTY PLAINTIFF,

V

PARIS-KIRWAN ASSOCIATES, INC., ANGELO
LOVULLO AND DAVID SCHLAFER, THIRD-PARTY
DEFENDANTS.

---

RONALD J. PASSERO, ROCHESTER, FOR DEFENDANT-APPELLANT.

ERNSTROM & DRESTE, LLP, ROCHESTER (TIMOTHY D. BOLDT OF COUNSEL), FOR
PLAINTIFF-RESPONDENT.

---

Appeal from an order and judgment (one paper) of the Supreme Court, Monroe County (Matthew A. Rosenbaum, J.), entered August 12, 2013. The order and judgment, insofar as appealed from, granted plaintiff's motion for summary judgment and denied that part of defendant's cross motion seeking leave to serve an amended answer to include his proposed third affirmative defense.

It is hereby ORDERED that the order and judgment insofar as appealed from, is reversed on the law without costs, plaintiff's motion is denied, and that part of defendant's cross motion seeking leave to serve an amended answer to include his proposed third affirmative defense is granted.

Memorandum: On appeal from an order and judgment awarding plaintiff money damages for defendant's breach of contract and attorneys' fees, defendant contends that Supreme Court erred in granting plaintiff's motion for summary judgment and in denying his cross motion seeking leave to amend his answer to plaintiff's second amended complaint by asserting a certain affirmative defense therein. We agree, and we therefore reverse the order and judgment insofar as appealed from, deny plaintiff's motion, and grant that part of defendant's cross motion seeking leave to assert his proposed third affirmative defense.

In or about October 1999, defendant became a general partner and a 50% owner of Estate Vehicle Sales (EVS), a motor vehicle dealership. On January 21, 2000, EVS entered into an agreement with United Pacific Insurance Company, a surety company and subsidiary of Reliance Group Holdings, Inc. (collectively, United/Reliance), for a $10,000 motor vehicle dealer bond. Although the bond was issued and to be honored by United/Reliance, the bond paperwork was delivered to EVS by third-party defendant Paris-Kirwan Associates, Inc. (Paris-Kirwan), an agency that dealt with EVS. As part of the application for the bond, and as part of the consideration given for the bond, defendant entered into an agreement in which he agreed to indemnify United/Reliance for, inter alia, "losses, costs, damages and expenses, including attorney's and counsel fees" that United/Reliance "may sustain or incur by reason of the issuance of [the] [b]ond[]."

In May 2000, plaintiff purchased substantially all of United/Reliance's surety business, including the rights and obligations of United/Reliance pursuant to the bond and the indemnity agreement. A Paris-Kirwan employee subsequently transmitted to plaintiff a change request seeking to increase the bond value from $10,000 to $25,000; in response, on October 15, 2001, plaintiff issued a rider increasing the bond value.

Multiple judgments were rendered against EVS between August 2005 and July 2007, and the New York State Department of Motor Vehicles (DMV) made claims on the bond based upon each of the judgments. Plaintiff issued multiple payments to the DMV totaling $25,000 in full satisfaction of its obligations under the bond before seeking indemnity from defendant with respect to those payments.

After defendant refused its request for indemnification, plaintiff commenced this action seeking, inter alia, an award of damages and attorneys' fees relative to defendant's alleged breach of the indemnity agreement, and it subsequently served two amended complaints. Plaintiff moved for summary judgment on the second amended complaint, and defendant cross-moved for an order granting leave to amend his answer to the second amended complaint to assert, inter alia, a proposed third affirmative defense premised on the fact that his "individual liability under the indemnity agreement was terminated before the acts or omissions underlying the DMV claims occurred."

Turning first to plaintiff's motion for summary judgment, even assuming, arguendo, that plaintiff met its initial burden, we conclude that defendant raised an issue of fact in opposition thereto (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562). Defendant submitted evidence that in July 2001, i.e., before the judgments were rendered against EVS, he advised third-party defendant Angelo Lovullo, a Paris-Kirwan employee, that defendant was no longer involved in the business of running a motor vehicle dealership and instructed Lovullo to cancel the bond. Defendant also tendered evidence raising an issue of fact whether Paris-Kirwan was an agent of plaintiff at the time of that purported directive (*see generally Travelers Ins. Co. v Raulli & Sons, Inc.*, 21 AD3d 1299, 1300-1301; *Bennion v Allstate Ins. Co.*, 284

AD2d 924, 925).  Specifically, defendant submitted evidence that the chief executive officer of Paris-Kirwan signed the bond, that the asset transfer agreement between United/Reliance and plaintiff lists Paris-Kirwan as an agent of plaintiff, and that Lovullo believed that Paris-Kirwan was a "licensed . . . agent[]" of plaintiff that had authority to bind plaintiff "[i]n some situations."  We also note that in their joint answer to the third-party complaint, Paris-Kirwan and Lovullo did not deny the allegation advanced in the third-party complaint that Lovullo was a partner of Paris-Kirwan at all times relevant to this matter.

Turning next to defendant's cross motion for leave to amend his answer to the second amended complaint, we conclude that the court erred in denying that part of defendant's cross motion for an order granting leave to amend his answer to assert the proposed third affirmative defense.  " 'Generally, [l]eave to amend a pleading should be freely granted in the absence of prejudice to the nonmoving party where the amendment is not patently lacking in merit' " (*McGrath v Town of Irondequoit*, 120 AD3d 968, 969; *see* CPLR 3025 [b]).  Here, we conclude that the proposed third affirmative defense is not patently lacking in merit, and plaintiff has not made any showing of prejudice to foreclose defendant from asserting it (*see McGrath*, 120 AD3d at 969; *cf. Edenwald Contr. Co. v City of New York*, 60 NY2d 957, 959).

All concur except DEJOSEPH, J., who dissents and votes to affirm in the following Memorandum:  I respectfully dissent.  In my view, Supreme Court properly granted plaintiff's motion for summary judgment and denied defendant's cross motion seeking leave to amend his answer to plaintiff's second amended complaint, and I would therefore affirm.

At the outset, I see no dispute between the parties that plaintiff met its burden of showing entitlement to summary judgment. The court correctly determined that the plaintiff satisfied said burden by submitting the indemnity agreement signed by defendant, a sworn itemized statement of loss and expenses, and copies of payment drafts (*see American Home Assur. Co. v Gemma Constr. Co.*, 275 AD2d 616, 620, *lv dismissed* 96 NY2d 791, 96 NY2d 959).

Defendant contends that the court made an improper credibility determination in rejecting his allegations of fact concerning alleged conversations between defendant and an account executive of Paris-Kirwan Associates, Inc. (Paris-Kirwan), and that there is a question of fact whether Paris-Kirwan is an agent of plaintiff such that the claimed conversation relieved defendant of any indemnification obligation.  I reject that contention.

Under New York law, "a broker is normally the agent of the insured" (*Security Mut. Ins. Co. of N.Y. v Acker-Fitzsimons Corp.*, 31 NY2d 436, 442 n 3).  "[A] broker will be held to have acted as the insurer's agent where there is some evidence of 'action on the insurer's part, or facts from which a general authority to represent the insurer may be inferred' " (*Rendeiro v State-Wide Ins. Co.*, 8 AD3d 253, 253; *see Bennion v Allstate Ins. Co.*, 284 AD2d 924, 925).  The

existence of an express agency agreement may raise a question of fact whether a broker is an insurer's agent (*see Travelers Ins. Co. v Raulli & Sons, Inc.*, 21 AD3d 1299, 1300).  Here, defendant, in his third-party complaint, referred to Paris-Kirwan and their employees as his "insurance agent and or agency and or his broker" and as his "insurance agent/or agency" in his verified bill of particulars (*cf. id.* at 1299).  Furthermore, there is no express agency agreement designating Paris-Kirwan as plaintiff's agent in the record before this Court, and defendant's contention that an express agency agreement exists is entirely speculative (*see generally Trahwen, LLC v Ming 99 Cent City #7, Inc.*, 106 AD3d 1467, 1468, *lv dismissed* 21 NY3d 1066).

The record evidence as a whole—particularly in light of a lack of an express agency agreement, the speculative nature of any perceived agency, and the evidence that Paris-Kirwan's authority regarding motor vehicle bonds was limited insofar as it could not cancel such bonds—does not give rise to the inference that Paris-Kirwan had "general authority to represent" plaintiff (*Bennion*, 284 AD2d at 925). The evidence therefore fails to raise a question of fact whether alleged conversations with a Paris-Kirwan sales agent could bind plaintiff such that defendant was released from his indemnity obligation.

Turning now to defendant's cross motion seeking leave to amend his answer, defendant asserts that we should grant the cross motion only "if [we] determine[] that [the court] erred in granting the summary judgment motion."  Inasmuch as I conclude that the court properly granted summary judgment in favor of plaintiff, I see no reason to address the cross motion.

Entered:  February 6, 2015                    Frances E. Cafarell
                                              Clerk of the Court