DeJoseph, J.
(dissenting). I respectfully dissent. In my view, Supreme Court properly granted plaintiffs motion for summary judgment and denied defendant’s cross motion seeking leave to amend his answer to plaintiffs second amended complaint, and I would therefore affirm.
At the outset, I see no dispute between the parties that plaintiff met its burden of showing entitlement to summary judgment. The court correctly determined that the plaintiff satisfied said burden by submitting the indemnity agreement signed by defendant, a sworn itemized statement of loss and expenses, and copies of payment drafts (see American Home Assur. Co. v Gemma Constr. Co., 275 AD2d 616, 620 [2000], lv dismissed 95 NY2d 959 [2000], 96 NY2d 791 [2001]).
Defendant contends that the court made an improper credibility determination in rejecting his allegations of fact concerning alleged conversations between defendant and an account executive of Paris-Kirwan Associates, Inc. (Paris-Kirwan), and that there is a question of fact whether Paris-Kirwan is an agent of plaintiff such that the claimed conversation relieved defendant of any indemnification obligation. I reject that contention.
Under New York law, “a broker is normally the agent of the insured” (Security Mut. Ins. Co. of N.Y. v Acker-Fitzsimons Corp., 31 NY2d 436, 442 n 3 [1972]). “[A] broker will be held to have acted as the insurer’s agent where there is some evidence of ‘action on the insurer’s part, or facts from which a general authority to represent the insurer may be inferred’ ” (Rendeiro v State-Wide Ins. Co., 8 AD3d 253, 253 [2004]; see Bennion v Allstate Ins. Co., 284 AD2d 924, 925 [2001]). The existence of an express agency agreement may raise a question of fact whether a broker is an insurer’s agent (see Travelers Ins. Co. v Raulli & Sons, Inc., 21 AD3d 1299, 1300 [2005]). Here, defendant, in his third-party complaint, referred to Paris-Kirwan and their employees as his “insurance agent and or agency and or his broker” and as his “insurance agent/or agency” in his verified bill of particulars (cf. id. at 1299). Furthermore, there is no express agency agreement designating Paris-Kirwan as plaintiffs agent in the record before this Court, and defendant’s contention that an express agency agreement exists is *1362 entirely speculative (see generally Trahwen, LLC v Ming 99 Cent City #7, Inc., 106 AD3d 1467, 1468 [2013], lv dismissed 21 NY3d 1066 [2013]).
The record evidence as a whole — particularly in light of a lack of an express agency agreement, the speculative nature of any perceived agency, and the evidence that Paris-Kirwan’s authority regarding motor vehicle bonds was limited insofar as it could not cancel such bonds — does not give rise to the inference that Paris-Kirwan had “general authority to represent” plaintiff (Bennion, 284 AD2d at 925). The evidence therefore fails to raise a question of fact whether alleged conversations with a Paris-Kirwan sales agent could bind plaintiff such that defendant was released from his indemnity obligation.
Turning now to defendant’s cross motion seeking leave to amend his answer, defendant asserts that we should grant the cross motion only “if [we] determine [ ] that [the court] erred in granting the summary judgment motion.” Inasmuch as I conclude that the court properly granted summary judgment in favor of plaintiff, I see no reason to address the cross motion. Present — Centra, J.P., Fahey, Sconiers, Whalen and DeJoseph, JJ.